[Cite as *State ex rel. Otten v. Henderson,* 129 Ohio St.3d 453, 2011-Ohio-4082.]

THE STATE EX REL. OTTEN, APPELLANT, *v.* HENDERSON,

MAGISTRATE, ET AL., APPELLEES.

[Cite as *State ex rel. Otten v. Henderson,*

129 Ohio St.3d 453, 2011-Ohio-4082.]

*Prohibition—Writ sought to prevent probate court, judge, and magistrate from proceeding on adoption petition—Probate court patently and unambiguously lacked jurisdiction to act—Court of appeals' dismissal of complaint for writ reversed.*

(No. 2010-2223—Submitted August 8, 2011—Decided August 18, 2011.)

APPEAL from the Court of Appeals for Clermont County, No. CA2010-09-070.

_____

**Per Curiam.**

**{¶ 1}** This is an appeal from a judgment denying a biological father's complaint for a writ of prohibition to prevent the Clermont County Probate Court and its judge[1] and magistrate from proceeding on a stepfather's adoption petition when, at the time the petition was filed, a previously filed, separate adoption proceeding involving the same child initiated in the Hamilton County Probate Court by the stepfather remained pending. Because under these circumstances, the Clermont County Probate Court patently and unambiguously lacked jurisdiction to proceed in the adoption case, we reverse the judgment of the court of appeals and grant the writ.

**Facts**

---

1. Judge Alan R. Corbin is now the acting judge in the Clermont County Probate Court case, so he is substituted as an appellee for Judge Stephanie Wyler. See *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 6, citing Civ.R. 25(D).

**{¶ 2}** This case arises from three overlapping cases — a juvenile court parentage case involving the biological parents and the child and two separate probate court adoption cases involving the biological father, the stepfather, and the child. In July 2005, while married to Jeremy Tuttle, Susan Tuttle, n.k.a. Susan Crooks ("Susan"), gave birth to P.A.C. Genetic testing conducted in August 2005 established that appellant, Gary Otten, is the child's biological father. Susan divorced Tuttle after P.A.C.'s birth, and in April 2007, she married Kevin Michael Crooks.

*Clermont County Juvenile Court Case*

**{¶ 3}** In January 2007, Otten filed a complaint in the Clermont County Court of Common Pleas, Juvenile Division, for the allocation of parental rights and responsibilities regarding P.A.C. Tuttle filed an action against Otten to establish a parent-and-child relationship in the same court. In April 2007, Crooks filed a petition to adopt P.A.C. in the Hamilton County Court of Common Pleas, Probate Division. In August 2007, the juvenile court concluded that it was not in the best interest of P.A.C. to grant parenting time to Otten because any orders issued by the court could be superseded by an adoption decree entered by the Hamilton County Probate Court in the action pending there. The Clermont County Juvenile Court declared Otten P.A.C.'s father but stayed any further action pending the outcome of the adoption proceeding.

**{¶ 4}** However, in March 2008, a magistrate for the juvenile court designated Susan as the residential parent and legal custodian of P.A.C. and granted Otten guideline parenting time with P.A.C. After Susan's objections were overruled, she appealed from the judgment.

**{¶ 5}** In June 2009, the court of appeals affirmed the juvenile court's judgment awarding Otten guideline parenting time with his daughter, P.A.C. *Otten v. Tuttle*, Clermont App. No. CA2008-05-053, 2009-Ohio-3158. In so

holding, the court of appeals further ordered that the parenting-time award be immediately implemented:

{¶ 6} "Because of excessive delay in this case that has prevented [Otten] from visiting [P.A.C.] for over two years, we instruct that the juvenile court's order awarding [Otten] standard parenting time be put into effect on an immediate basis with the issuance of this opinion." Id. at ¶ 17.

{¶ 7} Instead of implementing the ordered parenting time, Susan moved to modify the parenting time. In August 2009, the juvenile court amended its previous order and instituted a graduated schedule to transition to guideline parenting time. Otten subsequently filed a motion to find Susan in contempt of the graduated order, which the juvenile court denied in February 2010.

{¶ 8} Otten appealed the juvenile court orders, and the court of appeals, in November 2010, reversed the judgment instituting a graduated schedule of parenting time and again remanded the matter to the juvenile court "with the unambiguous instruction to grant [Otten] standard parenting time in accordance with its May 16, 2008 decision *immediately*." (Emphasis sic.) *Otten v. Tuttle*, Clermont App. No. CA2009-09-055, 2010-Ohio-5424, ¶ 30. The court of appeals affirmed the judgment denying Otten's motion to find Susan in contempt. Id. at ¶ 35.

*Hamilton County Probate Court Case*

{¶ 9} In April 2007, shortly after Susan married Crooks, and while the action to establish a parent-and-child relationship was pending in the Clermont County Juvenile Court, Crooks filed a petition to adopt P.A.C. in the Hamilton County Probate Court. In the petition, Crooks stated that the consent of Tuttle, whom he listed as the "presumed legal father" of P.A.C., was not required, because Tuttle was not the biological father of the child. The petition did not name Otten as the biological father of the child or specify why his consent was not required. Otten intervened and moved to stay or dismiss the adoption

proceeding; the probate court then stayed the proceeding pending a determination in the juvenile court proceeding.

{¶ 10} Once the juvenile court determined that Otten was P.A.C.'s biological father and granted him parenting time in May 2008, the probate court dismissed Crooks's adoption petition because Otten's consent was necessary for the adoption. Crooks appealed the dismissal. In February 2009, Crooks filed an amended petition to adopt P.A.C. in the Hamilton County Probate Court. In his amended petition, Crooks listed Otten as the child's putative father and father and stated that Otten's consent was unnecessary for the adoption because Otten "has failed without justifiable cause to communicate with the minor for a period of at least one year immediately preceding the filing of the adoption or the placement of the minor in the home of the petitioner" and "has failed without justifiable cause to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner."

{¶ 11} On Crooks's appeal from the probate court's judgment dismissing his original adoption petition, the court of appeals, in September 2009, reversed the dismissal because Otten had failed to timely register as P.A.C.'s father on the putative-father registry and thus his consent to the adoption was not required. *In re Adoption of P.A.C.*, 184 Ohio App.3d 88, 2009-Ohio-4492, 919 N.E.2d 791, ¶ 30.

{¶ 12} On July 22, 2010, we reversed the judgment of the court of appeals and held that the Hamilton County Probate Court had acted properly in initially staying the adoption proceeding pending the Clermont County Juvenile Court's determination of parentage and in ultimately dismissing Crooks's original adoption petition because Otten had been adjudicated the biological father of P.A.C. by the juvenile court and had not consented to the adoption. *In re*

4

*Adoption of P.A.C.*, 126 Ohio St.3d 236, 2010-Ohio-3351, 933 N.E.2d 236. Crooks moved for reconsideration of our decision, and in October 2010, we denied the motion. 126 Ohio St.3d 1592, 2010-Ohio-4880, 934 N.E.2d 939.

{¶ 13} On September 20, 2010, Crooks withdrew his amended adoption petition. The probate court set a hearing for December 30, 2010, to determine whether Crooks wanted to proceed on his original adoption petition. In February 2011, the probate court denied Otten's objections to the magistrate's decision and specified that the adoption proceeding was closed.

### Clermont County Probate Court Case

{¶ 14} On July 28, 2010, six days after we issued our decision in *P.A.C.*, 126 Ohio St.3d 236, 2010-Ohio-3351, 933 N.E.2d 236, but before a mandate was issued in that case, Crooks filed a petition in the Clermont County Court of Common Pleas, Probate Division, to adopt P.A.C. In this petition, Crooks stated that the consent of Otten to the adoption was not required, because he "has failed without justifiable cause to provide more than de minimis contact with the minor for a period of at least one year immediately preceding the filing of the adoption or the placement of the minor in the home of" Crooks, he "has failed without justifiable cause to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner," and "the adoption is in the child's best interest."

{¶ 15} The probate court scheduled the matter for a hearing, and Otten filed an objection to the court's jurisdiction because the adoption proceeding initiated in the Hamilton County Probate Court was pending.

### Prohibition Case

{¶ 16} On September 20, 2010, Otten filed an action for writs of prohibition and mandamus challenging the jurisdiction of the Clermont County Probate Court over Crooks's adoption petition. In an amended complaint, Otten

sought a writ of prohibition to prevent appellees, the Clermont County Probate Court and its judge and magistrate, from proceeding on the adoption petition and to immediately dismiss the petition. After appellees submitted an answer admitting all matters of public record and denying any remaining claims, the court of appeals denied the writ.

{¶ 17} Otten appealed the court of appeals' judgment, but we granted his motion to remand the cause to the court of appeals to rule on his motion for relief from judgment. *State ex rel. Otten v. Henderson*, 127 Ohio St.3d 1544, 2011-Ohio-647, 941 N.E.2d 801. On March 30, 2011, the court of appeals denied the motion. We then reinstated a briefing schedule. 128 Ohio St.3d 1440, 2011-Ohio-1642, 944 N.E.2d 691.

{¶ 18} This cause is now before the court on Otten's appeal as of right.

### Legal Analysis

*Motions*

{¶ 19} We deny Otten's request for oral argument because the facts are not overly complex and the parties' and amicus curiae's briefs are sufficient for the court to resolve this appeal on the merits. See generally *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 16.

{¶ 20} We also grant Judge Corbin's motion to expedite our resolution of this case because this appeal relates to issues concerning the potential termination of Otten's parental rights in the underlying adoption proceeding, a circumstance that would normally necessitate expedited briefing and consideration under S.Ct.Prac.R. 6.2(A)(1), 6.3(A)(1), and 6.4(A)(1).

*Prohibition*

{¶ 21} To be entitled to the requested writ of prohibition, Otten had to establish that (1) the Clermont County Probate Court and its judge and magistrate were about to exercise judicial power, (2) the exercise of that power was

unauthorized by law, and (3) denying the writ would result in injury for which no adequate remedy exists in the ordinary course of law. *State ex rel. Cleveland v. Sutula*, 127 Ohio St.3d 131, 2010-Ohio-5039, 937 N.E.2d 88, ¶ 13. The probate court and its judge and magistrate have exercised and would continue to exercise judicial power in the underlying adoption proceeding. Probate courts have exclusive original jurisdiction over adoption proceedings. See *In re Adoption of Ridenour* (1991), 61 Ohio St.3d 319, 324, 574 N.E.2d 1055; *State ex rel. Portage Cty. Welfare Dept. v. Summers* (1974), 38 Ohio St.2d 144, 151, 67 O.O.2d 151, 311 N.E.2d 6 ("original and exclusive jurisdiction over adoption proceedings is vested specifically in the Probate Court pursuant to R.C. Chapter 3107").

**{¶ 22}** For the remaining requirements, "[i]f a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition * * * will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12; *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶ 18. "Where jurisdiction is patently and unambiguously lacking, relators need not establish the lack of an adequate remedy at law because the availability of alternate remedies like appeal would be immaterial." *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15; *State ex rel. Furnas v. Monnin*, 120 Ohio St.3d 279, 2008-Ohio-5569, 898 N.E.2d 573, ¶ 11.

**{¶ 23}** Therefore, the dispositive issue is whether the Clermont County Probate Court patently and unambiguously lacked jurisdiction over Crooks's petition to adopt P.A.C. when the adoption proceeding filed in Hamilton County was pending at the time he filed his Clermont County adoption case.

**{¶ 24}** Under the jurisdictional-priority rule, " '[a]s between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the

institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.'" *State ex rel. Racing Guild of Ohio v. Morgan* (1985), 17 Ohio St.3d 54, 56, 17 OBR 45, 476 N.E.2d 1060, quoting *State ex rel. Phillips v. Polcar* (1977), 50 Ohio St.2d 279, 4 O.O.3d 445, 364 N.E.2d 33, syllabus. "In general, the jurisdictional priority rule applies when the causes of action are the same in both cases, and if the first case does not involve the same cause of action or the same parties as the second case, the first case will not prevent the second." *State ex rel. Shimko v. McMonagle* (2001), 92 Ohio St.3d 426, 429, 751 N.E.2d 472; *State ex rel. Brady v. Pianka*, 106 Ohio St.3d 147, 2005-Ohio-4105, 832 N.E.2d 1202, ¶ 13.

{¶ 25} The court of appeals determined that the adoption case instituted by the child's stepfather in the Hamilton County Probate Court did not patently and unambiguously divest the Clermont County Probate Court of jurisdiction over the subsequently filed adoption proceeding filed by the child's stepfather, because they focused on different issues concerning whether consent was required:

{¶ 26} "While both adoption petitions involve the same petitioner and the same minor child, the Hamilton County petition focuses on whether the consent of Jeremy Tuttle is required, while the Clermont County petition focuses on whether the consent of Gary Otten is required. In this respect, the petitions are not identical and raise completely different issues with respect to consent to adoption."

{¶ 27} The court of appeals erred in so holding for the following reasons.

{¶ 28} First, the adoption proceeding filed in the Hamilton County Probate Court involved the *same parties* — Crooks, Otten, and P.A.C. — and the *same cause of action* — Crooks's requested adoption of P.A.C. — as Crooks's subsequently filed adoption case in the Clermont County Probate Court. These are not cases that involve different parties or different causes of action so as to

8

generally preclude the application of the jurisdictional-priority rule. See *State ex rel. Judson v. Spahr* (1987), 33 Ohio St.3d 111, 113-114, 515 N.E.2d 911; *State ex rel. Maxwell v. Schneider* (1921), 103 Ohio St. 492, 134 N.E. 443. The rule requires only that the *causes of action* generally be the same. As noted previously, the causes of action here — adoption — are the same.

{¶ 29} Second, the jurisdictional-priority rule applies even when the causes of action are not the same if the suits present part of the same "whole issue." *State ex rel. Sellers v. Gerken* (1995), 72 Ohio St.3d 115, 117, 647 N.E.2d 807, citing *Phillips*, 50 Ohio St.2d 279, 4 O.O.3d 445, 364 N.E.2d 33, and *John Weenink & Sons Co. v. Cuyahoga Cty. Court of Common Pleas* (1948), 150 Ohio St. 349, 38 O.O. 189, 82 N.E.2d 730 ("we have at times recognized the applicability of the priority rule where the causes of action and relief requested are not exactly the same"). Here, the stepfather's adoption petitions include not only the same parties and same causes of action; they also present the same issue—whether Crooks can adopt P.A.C. without Otten's consent.

{¶ 30} Third, the court of appeals erred in finding that the adoption cases did not raise the same issue. At the time Crooks filed his Clermont County Probate Court adoption case, the proceedings initiated in the Hamilton County Probate Court were still pending, and the petition filed in Hamilton County similarly alleged that Otten's consent to the adoption was not required because of his failure to communicate with and support the child in the year preceding the filing of the petition.

{¶ 31} In applying the jurisdictional-priority rule in the context of proceedings involving the termination of parental rights, we are guided by the precept that "[t]he right of a parent to the custody of his or her child is one of the oldest fundamental liberty interests recognized by American courts." *In re Thompkins*, 115 Ohio St.3d 409, 2007-Ohio-5238, 875 N.E.2d 582, ¶ 10. "[T]he right of a natural parent to the care and custody of his children is one of the most

precious and fundamental in law." *In re Adoption of Masa* (1986), 23 Ohio St.3d 163, 165, 23 OBR 330, 492 N.E.2d 140. Therefore, parents must be accorded every legally available protection before their parental rights are terminated. *Thompkins* at ¶ 11.

{¶ 32} Consistent with the foregoing precedent, we have recognized "the bedrock proposition that once a court of competent jurisdiction has begun the task of deciding the long-term fate of a child, all other courts are to refrain from exercising jurisdiction over that matter." *In re Adoption of Asente* (2000), 90 Ohio St.3d 91, 92, 734 N.E.2d 1224. Until the first court with jurisdiction over the matter has relinquished jurisdiction, the second court lacks jurisdiction. The party seeking adoption must wait to file a subsequent petition. See id. at 104.

{¶ 33} Because at the time that Crooks filed his successive adoption petition in the Clermont County Probate Court, the action initiated in Hamilton County Probate Court was still pending — and remained so until just recently — the Clermont County Probate Court lacked jurisdiction to proceed on the adoption petition filed there. Otten had no duty to file objections to Crooks's adoption petition in Clermont County because the Clermont County Probate Court lacked jurisdiction over the petition.

{¶ 34} As amicus curiae argues, Otten's "argument is not one of mere technicality. Allowing overlapping adoption petitions wrongly forces a respondent/parent to keep objecting to adoption petitions that appear identical to a pending adoption petition to which he has already timely objected. A petitioner can then keep filing overlapping adoption petitions until the parent neglects to object timely, makes some other misstep, or simply becomes exhausted or confused, as happened here. Avoiding that endless litigation and procedural abuse is a main reason for the 'one child and one court' rule."

{¶ 35} In fact, that is what happened here. While the Hamilton County adoption case was still pending and matters in the Clermont County Juvenile

Court case were also being resolved, Crooks filed an adoption proceeding in the Clermont County Probate Court, and Otten, who was appearing pro se in some of these cases, apparently did not object to the newly filed petition until a month after it was due, when he raised his claim that the Clermont County Probate Court lacked jurisdiction. Terminating a natural parent's fundamental right to care and custody of his or her child should not be subject to such acts of gamesmanship intended to trap the unwary.

{¶ 36} Based on the foregoing, the Clermont County Probate Court and its judge and magistrate patently and unambiguously lacked jurisdiction over the adoption petition filed in that court, and the Clermont County Probate Court should have upheld Otten's jurisdictional challenge to the proceeding and dismissed it. Otten established the requirements for the requested extraordinary relief in prohibition.

**Conclusion**

{¶ 37} Because the court of appeals erred in denying the writ, we reverse the judgment of the court of appeals and grant the writ of prohibition to prevent the Clermont County Probate Court from proceeding on Crooks's adoption petition and to compel the probate court to dismiss it. The probate court also patently and unambiguously lacked jurisdiction to proceed in the adoption case because of visitation issues in the juvenile court case that were still being resolved when the adoption case was filed. " 'When an issue concerning parenting of a minor is pending in the juvenile court, a probate court must refrain from proceeding with the adoption of that child.' " *In re Adoption of G.V.*, 126 Ohio St.3d 249, 2010-Ohio-3349, 933 N.E.2d 245, ¶ 8, certiorari denied, *Vaughn v. Wyrembek* (2011), __ U.S. __, 131 S.Ct. 1610, 179 L.Ed.2d 501, quoting *In re Adoption of Pushcar*, 110 Ohio St.3d 332, 2006-Ohio-4572, 853 N.E.2d 647, syllabus.

Judgment reversed

and writ granted.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, and MCGEE BROWN, JJ., concur.

CUPP, J., concurs in judgment only.

_____

Maxwell D. Kinman, for appellant.

Donald W. White, Clermont County Prosecuting Attorney, and David H. Hoffmann, Assistant Prosecuting Attorney, for appellees.

Erik L. Smith, urging reversal for amicus curiae, Erik L. Smith.

_____