[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Tri Eagle Fuels, L.L.C. v. Dawson,* Slip Opinion No. 2019-Ohio-2011.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-2011

THE STATE EX REL. TRI EAGLE FUELS, L.L.C., APPELLANT, *v.* DAWSON, JUDGE, ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Tri Eagle Fuels, L.L.C. v. Dawson,* Slip Opinion No. 2019-Ohio-2011.]**

*Prohibition—Jurisdictional-priority rule—Counterclaim for ejectment filed in response to breach-of-contract claim in common pleas court does not patently and unambiguously deprive municipal-court judge of jurisdiction over previously filed forcible-entry-and-detainer action—Direct appeal is adequate remedy—Court of appeals' judgment denying writ affirmed.*

(No. 2018-1055—Submitted February 19, 2019—Decided May 29, 2019.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 106459, 2018-Ohio-3054.

_____

**Per Curiam.**

{¶ 1} Appellant, Tri Eagle Fuels, L.L.C. ("Tri Eagle"), appeals the judgment of the Eighth District Court of Appeals denying its petition for a writ of prohibition to bar appellee East Cleveland Municipal Court Judge William Dawson from continuing to preside over *Euclid Lake Properties, L.L.C. v. Tri Eagle Fuels, L.L.C.*, East Cleveland M.C. case No. 17CVG01000. We affirm.

## Background

{¶ 2} Tri Eagle operates a gas station and convenience store at 12436 Euclid Avenue, in East Cleveland. Tri Eagle signed a commercial lease to rent the property from appellees Giant Petroleum, Inc., and Euclid Lake Properties, L.L.C. (collectively, "the lessor") for 15 years.

{¶ 3} In July and September 2017, the lessor served Tri Eagle with formal notices that Tri Eagle was in default of the lease. And on October 4, the lessor served Tri Eagle with a three-day notice to vacate the premises.

{¶ 4} Two days later, on October 6, Tri Eagle filed suit against the lessor in Cuyahoga County Common Pleas Court, alleging, among other things, that the *lessor*, not Tri Eagle, had breached the lease. *Tri Eagle Fuels, L.L.C. v. Euclid Lake Properties, L.L.C.*, Cuyahoga C.P. case No. CV-17-887038. Tri Eagle asserts that service of the complaint was perfected on October 11. On October 31, the lessor filed an answer, along with counterclaims that included an action in ejectment.

{¶ 5} Meanwhile, on October 12, the lessor filed a forcible-entry-and-detainer ("FE&D") action against Tri Eagle in East Cleveland Municipal Court. *Euclid Lake Properties, L.L.C. v. Tri Eagle Fuels, L.L.C.*, East Cleveland M.C. case No. 17CVG01000. The case was assigned to Judge Dawson.

{¶ 6} On November 3, 2017, Tri Eagle filed an original action for a writ of prohibition in the Eighth District Court of Appeals, alleging that Judge Dawson lacked jurisdiction to proceed in the municipal-court case based on the jurisdictional-priority rule. The court of appeals sua sponte granted an alternative

writ of prohibition, halting proceedings in the municipal court, and granted the lessor leave to intervene. In opposing the issuance of a writ, the lessor argued that Tri Eagle was the party in breach of the contract, giving the lessor the right to evict it, and that the jurisdictional-priority rule did not apply. It also disputed Tri Eagle's assertion that the lessor had been served with Tri Eagle's complaint in case No. CV-17-887038 on October 11.

**{¶ 7}** The court of appeals later dissolved the alternative writ and denied the writ of prohibition, ruling that the jurisdictional-priority rule was inapplicable. On July 26, 2018, Tri Eagle appealed and filed a motion to stay the court of appeals' decision pending appeal. We denied the motion for stay. 153 Ohio St.3d 1477, 2018-Ohio-3664, 106 N.E.3d 1261.

## Analysis

**{¶ 8}** Three elements are necessary for a writ of prohibition to issue: the exercise of judicial power, the lack of authority to exercise that power, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. However, if the absence of jurisdiction is patent and unambiguous, a petitioner need not establish the third prong, the lack of an adequate remedy at law. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.

**{¶ 9}** The jurisdictional-priority rule provides, " 'As between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and settle the rights of the parties.' " (Brackets sic.) *State ex rel. Dunlap v. Sarko*, 135 Ohio St.3d 171, 2013-Ohio-67, 985 N.E.2d 450, ¶ 9, quoting *State ex rel. Phillips v. Polcar*, 50 Ohio St.2d 279, 364 N.E.2d 33 (1977), syllabus. When the rule applies, "the judge in the second case patently and unambiguously lacks jurisdiction *by operation of the rule* and

therefore, prohibition is an available remedy." (Emphasis sic.) *State ex rel. Consortium for Economic & Community. Dev. for Hough Ward 7 v. Russo*, 151 Ohio St.3d 129, 2017-Ohio-8133, 86 N.E.3d 327, ¶ 8. For purposes of the rule, a common pleas court and a municipal court are "state courts of concurrent jurisdiction." *See, e.g., State ex rel. Dailey v. Dawson*, 149 Ohio St.3d 685, 2017-Ohio-1350, 77 N.E.3d 937, ¶ 6-8, 19 (treating East Cleveland Municipal Court and Cuyahoga County Common Pleas Court as state courts of concurrent jurisdiction for purposes of the jurisdictional-priority rule).

{¶ 10} "In general, the jurisdictional priority rule applies when the causes of action are the same in both cases, and if the first case does not involve the same cause of action or the same parties as the second case, the first case will not prevent the second." *State ex rel. Shimko v. McMonagle*, 92 Ohio St.3d 426, 429, 751 N.E.2d 472 (2001). The two cases at issue here do not present "the same cause of action." The municipal-court case pending before Judge Dawson is a special statutory proceeding that will resolve only one limited question: who has the immediate right to possess the premises? "Under Ohio law, a forcible entry and detainer action decides the right to immediate possession of property and 'nothing else.' " *Sheehe v. Demsey*, 8th Dist. Cuyahoga No. 99965, 2014-Ohio-305, ¶ 7, quoting *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.*, 67 Ohio St.2d 19, 25, 423 N.E.2d 1070 (1981), fn. 11. Once possession of the property has been restored to the landowner in a forcible-entry-and-detainer action, the action becomes moot because "no further relief can be granted to the landowner." *Knop v. Davet*, 11th Dist. Geauga No. 2016-G-0074, 2017-Ohio-1416, ¶ 11.

{¶ 11} The common-pleas-court case, by contrast, implicates broader questions of contractual rights and remedies. Thus, this case is analogous to prior cases in which we determined that the jurisdictional-priority rule did not apply. *See, e.g., State ex rel. Brady v. Pianka*, 106 Ohio St.3d 147, 2005-Ohio-4105, 832

N.E.2d 1202, ¶ 12-13; *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999).

**{¶ 12}** Without addressing our more recent decision in *Brady*, Tri Eagle presents two reasons why this case is distinguishable from our earlier cases. First, *Weiss* and its predecessors are distinguishable, according to Tri Eagle, because in each instance, only one case, the forcible-entry-and-detainer action, involved determining which party had the right to *immediate possession* of the premises, whereas the other pending action involved *title* to the premises. By contrast, Tri Eagle argues, an ejectment claim "pertains to who has the right of present possession," thus making the two Tri Eagle cases "substantially similar if not identical."

**{¶ 13}** But Tri Eagle's suggestion that the two underlying cases here are the same because both concern who has the right of present possession is based on a mischaracterization of the common-pleas-court action as an action for ejectment. The complaint filed in common pleas court was for breach of contract; the ejectment claim was asserted by the lessor as a *counterclaim*, and it was filed *after* the FE&D complaint was filed. The ejectment counterclaim does not deprive Judge Dawson of jurisdiction over the FE&D action, which was filed before the ejectment counterclaim was filed.

**{¶ 14}** Alternatively, Tri Eagle argues that even if we determine that the underlying cases are different, the jurisdictional-priority rule should apply because the two lawsuits present part of the same "whole issue." We have stated that the jurisdictional-priority rule applies even when the causes of action are not the same if the two pending lawsuits present part of the same whole issue. *State ex rel. Otten v. Henderson*, 129 Ohio St.3d 453, 2011-Ohio-4082, 953 N.E.2d 809, ¶ 29. But we have applied this exception only in the narrow circumstances in which the two cases raise the exact same legal claim or involve resolution of the same issue. *See, e.g., John Weenink & Sons Co. v. Cuyahoga Cty. Court of Common Pleas*, 150 Ohio St.

349, 355-356, 82 N.E.2d 730 (1948) (applying the jurisdictional-priority rule in granting writ of prohibition to prevent court of common pleas from proceeding in declaratory-judgment action regarding the same pool of money at issue in earlier filed municipal-court actions by creditors). Here, the cases do not raise the exact same legal claim or involve resolution of the same issue, and Tri Eagle has not articulated a persuasive reason why we should expand this exception to the circumstances here.

{¶ 15} Because the two civil actions between Tri Eagle and the lessor do not implicate the jurisdictional-priority rule, jurisdiction is not patently and unambiguously lacking in the municipal court. Judge Dawson can determine his court's jurisdiction, and Tri Eagle has an adequate remedy by way of direct appeal to contest that determination. *State ex rel. Dailey*, 149 Ohio St.3d 685, 2017-Ohio-1350, 77 N.E.3d 937, at ¶ 19-21; *State ex rel. Sellers v. Gerken*, 72 Ohio St.3d 115, 118, 647 N.E.2d 807 (1995). For this reason, we affirm the judgment of the court of appeals denying the writ.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DONNELLY, and STEWART, JJ., concur.

DEWINE, J., concurs in judgment only.

_____

Singerman, Mills, Desberg & Kauntz Co., L.P.A., and Christopher O'Connell, for appellant.

Bradley Hull IV, L.L.C., and Bradley Hull IV, for appellees Giant Petroleum, Inc., and Euclid Lake Properties, L.L.C.

_____

6