[Cite as *Master Nails, Inc. v Master Nails Lana, L.L.C.*, 2024-Ohio-1694.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MASTER NAILS, INC.,                  :

    Plaintiff-appellant,         :

                                           No. 112677

    v.                           :

MASTER NAILS LANA, LLC, ET AL.,      :

    Defendants-appellees.        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 2, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-976703

---

### *Appearances:*

Christopher J. Freeman; The Flowers Law Firm, and Corey Flowers, *for appellant*.

Cavitch, Familo & Durkin, Co., LPA, and Michael C. Cohan, *for appellees*.

ANITA LASTER MAYS, P.J.:

{¶ 1} Plaintiff-appellant, Master Nails, Inc., appeals an order of the Cuyahoga County Court of Common Pleas dismissing its complaint against defendants-appellees Master Nails Lana, LLC; Lana Yip; Mayflower Tran; and Lynn

Tran. Because the trial court erred when it found that it lacked jurisdiction over the case, we reverse the judgment and remand this matter for further proceedings.

## I. Factual Background and Procedural History

{¶ 2} Lana Yip and Winston Yip are married. On October 20, 2022, Lana filed a complaint for divorce in the Summit County Court of Common Pleas, Domestic Relations Division. *See* Summit County C.P. No. DR-2022-10-2889. On December 16, 2022, Lana filed an amended complaint in that case, adding these defendants: Brenda Kong, Kong Yip LLC, and 888 Kong Yip LLC.

{¶ 3} In that case, Lana requested "an absolute divorce from [Winston], an equitable division of the marital property, a distributive award, spousal support, reimbursement of her attorney fees and costs, and * * * such other relief as the court deems equitable." She averred that Winston and the other defendants hid and transferred assets in which she has an interest, and she alleged that Brenda Kong and the two limited-liability companies named in her amended complaint "hold assets out of which [Lana] seeks * * * division of property, a distributive award, and/or an award of spousal support * * *."

{¶ 4} On March 17, 2023, Master Nails, Inc. filed a complaint in the Cuyahoga County Court of Common Pleas, seeking injunctive relief and damages for alleged torts — conversion, unjust enrichment, breach of duty of loyalty and good faith, tortious interference with business relationships, civil conspiracy, vicarious liability, deceptive trade practices, and fraud — against Lana Yip; Mayflower Tran;

Lynn Tran; and a business called Master Nails Lana, LLC. This appeal arises from the Cuyahoga County case.

{¶ 5} The complaint alleged that Lana Yip started Master Nails, Inc. in 2009 and sold that business to Brenda Kong in 2011. The business operated as a nail salon in Brecksville, Ohio. After the sale, the business kept Lana Yip on as an employee. Allegedly, Lana Yip and the other defendants thereafter conceived and executed a scheme to convert the business's money and steal its customers. The complaint further alleged that the defendants created a new business under a misleading name (Master Nails Lana, LLC), changed the locks to the salon, and continued doing business with Master Nails, Inc.'s customers.

{¶ 6} The trial court held a preliminary-injunction hearing on March 28, 2023, before any of the defendants had filed an answer to the complaint. During the hearing, the defendants' counsel argued that the issue of whether Master Nails, Inc. was fraudulently transferred from Lana Yip to Brenda Kong "is being disputed in the divorce case in Summit County," such that "[a] decision in the Summit County case as to who owns what would directly impact what you will decide today." The plaintiff's counsel responded that Master Nails, Inc. is not a party to the divorce case and the domestic-relations court does not have jurisdiction to hear the claims raised in its complaint. The court ordered the parties to brief the issue of whether it had subject-matter jurisdiction in the matter.

{¶ 7} On April 5, 2023, after reviewing the parties' briefs, the trial court entered an order dismissing the case, holding that "the jurisdictional priority rule

prevents this Court from continuing to exercise jurisdiction over the present action" and reasoning that "plaintiff Master Nails [Inc.] is a claimed marital asset governed by the claims made in and orders issued by the Summit County Common Pleas Court, Division of Domestic Relations * * *" and that the filing of the Cuyahoga County action "would appear in direct violation of the restraining order" issued in the Summit County matter.

{¶ 8} Master Nails, Inc. appealed, raising the following assignment of error for review:

> The trial court erred in dismissing Appellant's complaint on jurisdictional grounds.

## II. Law and Analysis

{¶ 9} The plaintiff contends that the trial court has subject-matter jurisdiction over its tort action and that the trial court's order deprived it of any forum in which to pursue its claims. The defendants argue that the jurisdictional-priority rule applies, because (1) the plaintiff (a corporation) was allegedly fraudulently transferred from Lana without her consent and (2) the plaintiff may be an asset or hold assets that are subject to an equitable division in a pending divorce case involving Lana in the Summit County Court of Common Pleas, Domestic Relations Division.

{¶ 10} Whether a court has jurisdiction over a matter is a legal question that this court reviews de novo. *E.g., State ex rel. Maron v. Corrigan*, 173 Ohio St.3d 55, 2023-Ohio-2556, 227 N.E.3d 1145, ¶ 9. No one seems to dispute that the Cuyahoga County Court of Common Pleas has general jurisdiction over the types of

claims pending in Master Nails, Inc.'s case. "'When a court has the constitutional or statutory power to adjudicate a particular class or type of case, that court has subject-matter jurisdiction.'" *Id.* at ¶ 10, quoting *Ostanek v. Ostanek*, 166 Ohio St.3d 1, 2021-Ohio-2319, 181 N.E.3d 1162, ¶ 36. Instead, the defendants claim that the divorce action pending in Summit County strips the trial court of its jurisdiction to adjudicate these claims by operation of the jurisdictional-priority rule.

{¶ 11} The jurisdictional-priority rule provides that "'[a]s between courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.'" *Maron* at ¶ 10, quoting *State ex rel. Phillips v. Polcar*, 50 Ohio St.2d 279, 364 N.E.2d 33 (1977), syllabus.

> "The jurisdictional-priority rule generally requires 'the claims and parties [to] be the same in both cases, so "[i]f the second case is not for the same cause of action, nor between the same parties, the former suit will not prevent the latter."'" (Brackets sic.) *State ex rel. Hasselbach v. Sandusky Cty. Bd. of Elections*, 157 Ohio St.3d 433, 2019-Ohio-3751, 137 N.E.3d 1128, ¶ 9, quoting *State ex rel. Dunlap v. Sarko*, 135 Ohio St.3d 171, 2013-Ohio-67, 985 N.E.2d 450, ¶ 10, quoting *State ex rel. Judson v. Spahr*, 33 Ohio St.3d 111, 113, 515 N.E.2d 911 (1987).

*Maron* at ¶ 11.

{¶ 12} Here, there can be no dispute; the divorce case and the tort case are not for the same cause of action, nor are they between the same parties. The cases

share only one party in common — Lana Yip.[1]  There are no shared causes of action between the two cases.[2]

{¶ 13} The defendants instead assert that this matter fits within a narrow exception to the requirement that the parties and claims be the same:  they say that the divorce case and the case at bar present part of the same "whole issue."

{¶ 14} "'[T]he jurisdictional-priority rule can apply even when the causes of action and relief requested are not exactly the same, as long as the actions present part of the same "whole issue."'"  *Maron*, 173 Ohio St.3d 55, 2023-Ohio-2556, 227 N.E.3d 1145, at ¶ 11, quoting *Dunlap* at ¶ 11, quoting *State ex rel. Otten v. Henderson*, 129 Ohio St.3d 453, 2011-Ohio-4082, 953 N.E.2d 809, ¶ 29, and *State ex rel. Sellers v. Gerken*, 72 Ohio St.3d 115, 117, 647 N.E.2d 807 (1995).

{¶ 15} But the Ohio Supreme Court has only applied the "whole-issue" exception "'in the narrow circumstances in which the two cases raise the exact same

---

[1] The parties to the divorce case are:  Lana Yip, Winston Yip, Brenda Kong, 888 Kong Yip LLC, and Kong Yip LLC.

The parties to the common pleas case are:  Master Nails, Inc.; Master Nails Lana, LLC; Lana Yip; Mayflower Tran; and Lynn Tran.

[2] In the common pleas case, Master Nails, Inc. seeks a temporary restraining order and preliminary injunction, and damages for certain alleged torts, including conversion, breach of duty of loyalty and good faith, tortious interference with business relationships, civil conspiracy, deceptive trade practices, and fraud.

In the divorce case, Lana Yip requests "an absolute divorce from [Winston Yip], an equitable division of the marital property, a distributive award, spousal support, reimbursement of her attorney fees and costs, and for such other relief as the court deems equitable."  She claims that Brenda Kong and two limited-liability companies that Kong allegedly owns (neither of which is Master Nails, Inc.) "hold assets out of which [Lana Yip] seeks * * * division of property, a distributive award, and/or an award of spousal support * * *."

legal claim or involve resolution of the same issue.'" *Maron* at ¶ 12, quoting *State ex rel. Tri Eagle Fuels, L.L.C. v. Dawson*, 157 Ohio St.3d 20, 2019-Ohio-2011, 131 N.E.3d 20, ¶ 14. The narrowness of the exception is best illustrated by a close review of caselaw.

{¶ 16} Before beginning this review, it is worth noting that much of the law on the jurisdictional-priority rule has historically arisen from defendants seeking writs of prohibition to prevent a judge from exercising judicial power over a matter. *See, e.g.*, *State ex rel. Black v. White*, 132 Ohio St. 58, 5 N.E.2d 163 (1936) (denying a writ of prohibition to stop a common pleas court from hearing a suit for specific performance on a real-estate contract, which contract had been entered into by executors of an estate, even where the executors argued that the issue was incidental to the settlement of the estate, a matter that was then currently pending in a probate court). Nevertheless, the analysis in this line of cases is persuasive and applicable when deciding whether a trial court correctly dismissed a matter for lack of jurisdiction based on the jurisdictional-priority rule.

{¶ 17} The relator in a writ-of-prohibition case must normally show (1) that the respondent has exercised or is about to exercise judicial power, (2) that the judge lacks authority to do so, and (3) that denial of the writ will result in an injury for which no other adequate remedy exists in the ordinary course of the law. *E.g.*, *Maron*, 173 Ohio St.3d 55, 2023-Ohio-2556, 227 N.E.3d 1145, at ¶ 8. But if the relator shows that the respondent "patently and unambiguously lacks jurisdiction," they do not need to show the lack of another adequate remedy. *See, e.g.*, *id*. When

the relator raises a jurisdictional-priority argument, often "[t]he applicability of the rule * * * is the only issue [the appeals court] must decide." *See id.* at ¶ 9. This is because, on the one hand, "[i]f the jurisdictional-priority rule applies, [the trial-court judge] patently and unambiguously lacks jurisdiction," such that the writ would be warranted. *See id.* And on the other hand, if the rule does not apply, then the relator is not entitled to a writ because the relator has an alternative remedy in the ordinary course of the law by way of a direct appeal. *See, e.g., Tri Eagle Fuels*, 157 Ohio St.3d 20, 2019-Ohio-2011, 131 N.E.3d 20, at ¶ 15; *State ex rel. United States Steel Corp. v. Zaleski*, 98 Ohio St.3d 395, 2003-Ohio-1630, 786 N.E.2d 39, ¶ 8. Courts in these writ-of-prohibition cases review the jurisdictional-priority question de novo. *E.g., Maron* at ¶ 9.

{¶ 18} Put another way, the issue (whether the jurisdictional-priority rule applies in a given set of circumstances) and standard of review (de novo) are the same in a writ-of-prohibition case as they are in this direct appeal.

{¶ 19} With that in mind, we turn to the relevant caselaw.

{¶ 20} In *Tri Eagle Fuels*, this court considered whether to prevent a forcible-entry-and-detainer action against a lessee in a municipal court, where the lessee had previously filed an action for breach of contract, promissory estoppel, and tortious interference against the lessor concerning the same property and same lease in a common pleas court. *State ex rel. Tri Eagle Fuels, L.L.C. v. Dawson*, 2018-Ohio-3054, 118 N.E.3d 304, ¶ 1, 3–4 (8th Dist.). The parties were identical between the two cases and both cases involved a consideration of certain common factual

issues, like whether the lessee was adequately maintaining the property and whether the lessor violated the lease by serving a three-day notice on the lessee. *Id.* at ¶ 2, 8. Nevertheless, this court concluded that the jurisdictional-priority rule did not apply, and the Ohio Supreme Court affirmed that decision. *Id.* at ¶ 17, 20; *Tri Eagle Fuels*, 157 Ohio St.3d 20, 2019-Ohio-2011, 131 N.E.3d 20. While the cases involved a consideration of certain common factual issues, the Supreme Court concluded that "the cases do not raise the exact same legal claim or involve resolution of the same issue" and found "no persuasive reason why we should expand this exception to the circumstances here." *Tri Eagle Fuels*, 157 Ohio St.3d 20, at ¶ 14.

{¶ 21} The cases in *Tri Eagle Fuels* involved a greater area of overlap than we have here, including sharing identical parties. Moreover, we do not see how the risk of inconsistent rulings on the areas of shared factual issues is any greater here than it was in *Tri Eagle Fuels*.

{¶ 22} The Supreme Court also found that the jurisdictional-priority rule did not prevent a court from hearing a forcible-entry-and-detainer action to evict a woman from her deceased mother's home, even when the woman had previously filed a declaratory-judgment and temporary-restraining-order action in another court seeking to determine her rights in a settlement agreement with the executor of the mother's estate and to prevent the executor from evicting her. *State ex rel. Brady v. Pianka*, 106 Ohio St.3d 147, 2005-Ohio-4105, 832 N.E.2d 1202, ¶ 3, 12–13; *see also State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999) (granting a writ of procedendo to compel a trial court to hear a forcible-entry-

and-detainer action even where there was a pending declaratory-judgment action in another court regarding the legal title to the same property).

{¶ 23} The *Maron* case is an even closer fit to the circumstances here. *Maron*, 173 Ohio St.3d 55, 2023-Ohio-2556, 227 N.E.3d 1145. In *Maron*, a husband and wife were involved in a divorce case pending in the domestic-relations division of a common pleas court. During the pendency of that case, a limited-liability company sued the wife in common pleas court, alleging that she was interfering with an easement involving a multistory building in Cleveland, consisting of five parcels. *Id.* at ¶ 3. The company owned two of the five parcels, and the woman and her husband owned the other three. *Id.* The husband had a fifty percent ownership interest in the plaintiff–company. In the divorce case, the woman claimed to have an equitable interest in her husband's half of the company. The woman argued that the jurisdictional-priority rule prevented the easement litigation because any relief granted in that case would "directly interfer[e] with the Domestic Relations Court's ability to issue a division of property." *Id.* at ¶ 13. The Supreme Court disagreed, reasoning that "[t]he main issue in [the company's] case is whether [the woman] is in breach of an easement." *Id.* The woman also argued that if the domestic-relations court were to award the husband's interest in the company to the woman, "the underlying dispute over the easement would become moot." *Id.* at ¶ 14. The Supreme Court held that this argument "fails to establish any real connection between the issues in the two cases," reasoning that "[t]he division of marital

property * * * would not resolve the legal issues presented in [the easement] case." *Id.*

{¶ 24} Similarly, the main issues in case at bar are whether Lana Yip and two of her family members conceived and executed a scheme to defraud the plaintiff–corporation by converting and misappropriating the corporation's funds, whether Lana then opened a competing business under a misleading name and changed the locks to the business property, and whether the defendants continue to operate from the corporation's previous location, servicing its customers under a misleading name. While these issues might also be relevant to the domestic-relations court's division of marital property as between Winston and Lana Yip, or to its determination about whether Lana is entitled to a distributive award, spousal support, or a reimbursement of her attorney fees and costs (the main issues in that case), these domestic-relations determinations would not resolve the legal issues raised in Master Nails, Inc.'s civil case.

{¶ 25} In all of these cases, there was some factual overlap between a pending case and a newly filed case. In none of these cases was that overlap significant enough for the "whole issue" exception to apply. *See also State ex rel. Hasselbach,* 157 Ohio St.3d 433, 2019-Ohio-3751, 137 N.E.3d 1128, at ¶ 9–11 (the exception did not apply where the same plaintiff sought to challenge the same ordinance through two different forums, because in one he sought a declaration that the ordinance is invalid and in the other he sought mandamus relief, assuming that the ordinance is valid yet subject to referendum); *State ex rel. Sellers,* 72 Ohio St.3d

at 117-118, 647 N.E.2d 807. Now, we turn to an examination of cases in which the exception *has* applied.

{¶ 26} The city of Cleveland held a rodeo in its public auditorium and held the money generated from admission fees, allegedly in accordance with its contract with the rodeo company. *John Weenink & Sons Co. v. Court of Common Pleas*, 150 Ohio St. 349, 82 N.E.2d 730 (1948), at syllabus. The rodeo company's creditors instituted a number of actions in the municipal court against the company, seeking remuneration for merchandise and services provided in connection with the rodeo. *Id.* In some of those cases, the city was named as a garnishee. *Id.* In at least one case, the city was sued directly. *Id.* The city answered in the municipal-court cases, denying liability and asserting that all the funds in its possession were not payable to any creditors under the terms of the contract between the city and the rodeo company. *Id.* The municipal court granted judgments in favor of the creditors, sustained attachment as against the city and ordered the city to pay the amount of the judgment to the creditors. *Id.* The city then filed an action for declaratory judgment in the common pleas court, seeking a determination as to its rights in the funds. *Id.* This court granted a writ of prohibition preventing the common pleas litigation, and the Supreme Court affirmed that decision. *Id.*

{¶ 27} The Supreme Court reasoned that the municipal-court cases sought either a money judgment against the city or identified the city as a garnishee; they did "not involve any question as to the right of the city to hold and control the funds in its hands under the terms of its contract with [the rodeo company]." *Id.* at 353.

Nevertheless, the jurisdictional-priority rule applied because the city sought a declaratory judgment to determine the legitimacy of a legal defense pending in the those municipal-court actions — a defense that the municipal court had jurisdiction to adjudicate. *See id.* at 355. This was thus a circumstance where two pending actions in different forums "'involv[ed] the same issues.'" *Id.*, quoting Borchard, Declaratory Judgments 350 (2 Ed.1941).

{¶ 28} Similarly, a married woman had a child with a man outside of her marriage; she then remarried someone else. *Otten*, 129 Ohio St.3d 453, 2011-Ohio-4082, 953 N.E.2d 809, at ¶ 2. The new husband — the child's stepfather — filed a petition to adopt the child in a probate court, arguing that the ex-husband's consent was not required because he was not the biological father. *Id.* at ¶ 9. The biological father intervened in this proceeding and objected to the adoption. *Id.* As that litigation was pending, the stepfather filed another petition to adopt the child in a different county's probate court, arguing that the biological father's consent was not required. *Id.* at ¶ 14. The biological father sought a writ of prohibition to prevent that second adoption case. *Id.* at ¶ 16. While the court of appeals originally denied the writ, reasoning that the two cases "focused on different issues concerning whether consent was required," the Supreme Court reversed that decision. *Id.* at ¶ 16, 25–26, 37. In doing so, the Supreme Court found that the two adoption cases involved the same parties and the same cause of action. *Id.* at ¶ 28. Moreover, the court found that the cases presented the same whole issue. *Id.* at ¶ 29.

{¶ 29} Taking all these cases together, it is clear that the dispositive issue is not whether there is some overlap of factual issues between two cases, but rather whether the cases share a central issue — whether the city of Cleveland has a legal right to avoid paying the rodeo company's creditors, for example, or whether the stepfather can adopt the child without the biological father's consent. *See also State ex rel. Dunlap*, 135 Ohio St.3d 171, 2013-Ohio-67, 985 N.E.2d 450, at ¶ 8–13 (exception applied where the same relator instituted multiple public-records mandamus actions in multiple courts against essentially the same parties).

{¶ 30} Here, there is no central legal issue in common between the Yips' divorce case and the tort case. Lana Yip did not even mention Master Nails, Inc. by name in her amended complaint in the divorce matter, nor did she seek to add Master Nails, Inc. as a defendant that "hold[s] assets out of which [she] seeks * * * division of property" and other awards.

{¶ 31} The defendants direct us to *Davis v. Cowan Sys.*, 8th Dist. Cuyahoga No. 83155, 2004-Ohio-515, in support of their argument that the "whole issue" exception applies. There, three drivers — Jeffrey Davis, Pamela Miranda, and Leland Crocker — were involved in a car accident; Crocker had been driving a vehicle owned by a limited-liability company. *Davis* at ¶ 2. The limited-liability company sued Miranda in Portage County, alleging that she was negligent and caused property damage to its vehicle. *Id.* at ¶ 4. Davis then filed a personal-injury complaint in the Cuyahoga County Court of Common Pleas against the limited-liability company, Miranda, and Crocker. *Id.* at ¶ 3. The trial court in Cuyahoga

County dismissed the case, finding that it had no jurisdiction by operation of the jurisdictional-priority rule. *Id.* at ¶ 5.

{¶ 32} This court affirmed that decision, reasoning that the two lawsuits involved "substantially the same parties and liability witnesses, and arise out of the same occurrence." *Id.* at ¶ 15. The court noted that the parties overlapped to such an extent that "it may have been improper to proceed with the Portage County action without adding [Davis] to the action." *Id.* at ¶ 16. The court further noted that the two cases involved the same issue: which of the parties were liable for the motor-vehicle accident, and to what extent? *Id.* at ¶ 17. Finally, the court reassured itself that Davis would not be prejudiced by the dismissal of his action in Cuyahoga County "because he could intervene as a plaintiff in the Portage County action." *Id.* at ¶ 18.

{¶ 33} Each of this court's reasons for affirming the decision in *Davis* can be distinguished from the case at bar. First, the parties and causes of action between the divorce case and the tort case do not overlap to the extent seen in *Davis*. Second, the two cases do not involve the same central issue; the divorce case concerns division of property and the tort case concerns whether the business is entitled to damages and injunctive relief as against the defendants for various alleged torts. Finally, Master Nails, Inc. will be prejudiced by the dismissal of its action in Cuyahoga County. The last point merits more specific consideration.

{¶ 34} If we were to affirm the judgment, Master Nails, Inc. would likely not be able to litigate its claims for injunctive relief and damages while the divorce case

is pending. Unlike in *Davis*, the corporation here would likely not be able to obtain any relief from the pending domestic-relations proceeding. R.C. 3105.011 provides that "[t]he court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters." R.C. 3105.011(A). This court has interpreted that statute to "limit[] the jurisdiction of the domestic relations division to the determination of domestic relations matters." *Lisboa v. Karner*, 167 Ohio App.3d 359, 2006-Ohio-3024, 855 N.E.2d 136, ¶ 6–11 (8th Dist.); *see also Hudson v. Hudson*, 6th Dist. Lucas No. L-21-1040, 2021-Ohio-4036, ¶ 34–39.

{¶ 35} Here, the "[a]pplication of the jurisdictional-priority rule would purport to give the domestic-relations court — the court whose jurisdiction was first invoked — the opportunity to adjudicate 'the whole issue and to settle the rights of the parties,' but the domestic-relations court lacks subject-matter jurisdiction to adjudicate" the claims in Master Nails, Inc.'s case. (Citation omitted.) *In re Adoption of M.G.B.-E*, 154 Ohio St.3d 17, 2018-Ohio-1787, ¶ 27 (jurisdictional-priority rule does not apply where the probate court had exclusive jurisdiction over adoption petitions in one matter and the domestic-relations court had exclusive jurisdiction over an application to reestablish parenting time); *see also State ex rel. Judson v. Spahr*, 33 Ohio St.3d 111, 113, 515 N.E.2d 911 (1987) (holding that a common pleas court had jurisdiction to adjudicate a conversion claim despite there being a pending divorce action, because "the rule does not apply where the conflict of jurisdiction is between a court of general jurisdiction and one whose limited

powers are inadequate to afford full relief to the parties."); *cf. State ex rel. Heyside v. Calabrese*, 2022-Ohio-1245, 190 N.E.3d 55, ¶ 9 (8th Dist.) (stating that the domestic-relations division in Cuyahoga County has "all the powers relating to all divorce, dissolution of marriage, legal separation, and annulment cases" but "the general division of a common pleas court usually has subject-matter jurisdiction over matters of breach of contract so long as the claims meet the jurisdictional minimums set forth in R.C. 2305.01.").

{¶ 36} Any area of overlap in the Venn diagram of fact and legal issues between these two cases is too small for the whole-issue exception to apply, and the jurisdiction of the domestic-relations court is inadequate to afford full relief to Master Nails, Inc. Therefore, the jurisdictional-priority rule does not apply. We express no opinion as to the ultimate merits of the plaintiff's complaint.

{¶ 37} Because the trial court has subject-matter jurisdiction, we sustain the assignment of error, reverse the dismissal order, and remand this matter for further proceedings.

## III. Conclusion

{¶ 38} Having sustained Master Nails, Inc.'s assignment of error, we reverse the judgment and remand this matter for further proceedings consistent with this opinion.

The court finds there were reasonable grounds for this appeal.

It is ordered that the appellant recover from the appellees the costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_[signature]_

ANITA LASTER MAYS, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, A.J., CONCURS;
MICHAEL JOHN RYAN, J., DISSENTS (WITH SEPARATE OPINION)


MICHAEL JOHN RYAN, J., DISSENTING:

{¶ 39} Respectfully, I dissent. I would hold that the trial court correctly found that the jurisdictional rule applied and properly dismissed appellant's complaint for lack of jurisdiction.

{¶ 40} Lana's complaint for divorce in the domestic relations division of Summit County Common Pleas Court, which was filed prior to the complaint in this case, alleged that Winston and Brenda engaged in hiding marital assets from Lana, used a third party to conceal marital assets, committed financial misconduct, Lana is the true owner of Master Nails, LLC, and Lana, Winston, and Brenda all have an interest in certain business and properties.

{¶ 41} The trial court in this case found that it was without subject-matter jurisdiction because Lana claimed Master Nails as an asset in the domestic relations case and ownership of Master Nails was being litigated in that case. In reaching its

decision, the trial court noted that the parties introduced documentation indicating that Master Nails was formerly owned by Lana and Winston but a filing with the Ohio Secretary of State purportedly showed that Brenda is now the sole owner of Master Nails. The court noted that Master Nails failed to set forth any other evidence of ownership or evidence that Lana transferred her interest in Master Nails to Brenda.

{¶ 42} The court held as follows:

> Both Lana Tran Yip and Brenda Kong assert ownership interest in the business of plaintiff Master Nails LLC which is alleged to have been recently transferred to Brenda Kong by Winston Yip with or without the consent of Lana Tran Yip. In addition, all three of these individuals have leasehold interests in the lease for the plaintiff's business and while forthcoming with the plaintiff's lease information, no party has produced documentation showing the formal ownership of plaintiff LLC and any recent transfers of that ownership. The Court can only conclude that plaintiff Master Nails LLC is a claimed marital asset governed by the claims made in and orders issued by the Summit County Common Pleas Court, Division of Domestic Relations Case No. DR-2022-10-2889. Accordingly, this Court has no jurisdiction over the within action and it is hereby dismissed for want of jurisdiction.

{¶ 43} The Cuyahoga County action was brought by Master Nails, purportedly owned by Brenda, against Master Nails Lana, Lana individually, and two of Lana's family members. The domestic relations case, which was filed first, was brought by Lana against Winston. Lana subsequently added Brenda and her business, 888 Kong Yip LLC, as third-party defendants in the case. Although the domestic relations case is a cause of action for divorce, the jurisdictional-priority rule does not require that both actions involve identical parties, allege the same causes of action, or request the same types of relief. *Davis v. Cowan Sys.*, 8th Dist.

Cuyahoga No. 83155, 2004-Ohio-515, ¶ 14; *see also Langaa v. Pauer*, 11th Dist. Geauga No. 2001-G-2405, 2002-Ohio-5603, ¶ 12, citing *Crestmont Cleveland Partnership v. Ohio Dept. of Health*, 10th Dist. Franklin No. 98AP-1272, 1999 Ohio App. LEXIS 4175 (Sept. 9, 1999) (holding that jurisdictional-priority rule does not require both actions have identical parties, rather, the identity-of-parties requirement is satisfied as long as the claim or matter sought to be precluded in the second action is between the same parties).

{¶ 44} The majority contends that none of the parties in the two cases are the same, except for Lana. I do not agree. Lana named Brenda individually in the divorce case; she did not name Master Nails, Inc., presumably because she (Lana) claims ownership of Master Nails. Master Nails is an asset to the divorce in the divorce case; it would be illogical to name her own business as third-party defendant in that case.

{¶ 45} Moreover, a ruling in the Cuyahoga County case could certainly affect or interfere with the resolution of the issues in the case pending in the domestic relations case. In the Cuyahoga County action, appellant seeks an injunction, and asserts other claims, against appellees. Brenda claims ownership of Master Nails. Lana disputes this claim. The issue of ownership has yet to be determined and who owns Master Nails is in dispute in the domestic relations case. Because the parties dispute who owns Master Nails, allowing the Cuyahoga County action to proceed could lead to different conclusions on the issue of ownership, causing inconsistent rulings. Simply put, a ruling by the Cuyahoga County Common Pleas Court that one

party owns Master Nails could be inconsistent with a ruling by the Summit County Domestic Relations Court on ownership; possible inconsistent rulings by two courts of concurrent jurisdiction is what the jurisdictional-priority rule was designed to avoid.

{¶ 46} The majority agrees with appellant's argument that they would be prejudiced by dismissal of their complaint because they would not be able to litigate claims for injunctive relief and damages while the divorce case is pending. But appellant's attempt is premature – she is attempting to bring claims that presume ownership of Master Nails, LLC, when ownership has not been established. Until ownership of Master Nails, LLC, has been established in the domestic relations case, appellant's claims are not ripe for review.

{¶ 47} Because the issue of ownership of marital assets, which may include Master Nails, LLC, is pending in Summit County, the trial court properly dismissed the complaint for lack of jurisdiction.