[Cite as *Disher v. Bannick*, 2021-Ohio-1331.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

DAVID DISHER                             :
                                         :
    Plaintiff-Appellant                  :    Appellate Case No. 28903
                                         :
v.                                       :    Trial Court Case No. 2018-CV-4418
                                         :
JONAS E. BANNICK                         :    (Civil Appeal from
                                         :    Common Pleas Court)
    Defendant-Appellee                   :
                                         :

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of April, 2021.

. . . . . . . . . . .

BRIAN HUELSMAN, Atty. Reg. No. 0055444, 262 James E. Bohanan Memorial Drive, Vandalia, Ohio 45377
    Attorney for Plaintiff-Appellant

SEAN P. MCCORMICK, Atty. Reg. No. 0088281, 10050 Innovation Drive, Suite 400, Miamisburg, Ohio 45342
    Attorney for Defendant-Appellee

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Plaintiff-Appellant David Disher appeals from a judgment of the Montgomery County Common Pleas Court, which dismissed his 2019 forcible entry and detainer and quiet title actions. Disher does not dispute the dismissal of his forcible entry and detainer claim, but he believes the trial court erred in concluding that res judicata applied to bar his quiet title action based on a prior judgment of the municipal court in a forcible entry and detainer action, because the municipal court lacked jurisdiction to decide title ownership of the disputed property. For the reasons that follow, the trial court's dismissal of the forcible entry and detainer claim will be affirmed, but because the quiet title action was not barred by res judicata, we will reverse the dismissal of the quiet title claim and remand for further proceedings on that issue.

## I.       Facts and Procedural History

{¶ 2} On March 28, 2018, Jonas E. Bannick attained title to parcel R72-05703-0082, commonly known as 712 Hall Avenue, Dayton, via general warranty deed. This property, formerly owned by Disher, includes a house, in which Bannick resides. Directly beside the 712 Hall Avenue property is parcel R72-05703-0081. This property includes a garage and a billboard and is owned by Disher.

{¶ 3} While Disher is the owner of the garage, there appears to have been an agreement between the parties that permitted Bannick to use the structure, though the parties characterize the arrangement differently. Disher contends that Bannick was renting the garage for a monthly rate, while Bannick asserts there was a purchase agreement.

{¶ 4} At some point, the parties' relationship broke down, and on June 5, 2018,

Disher filed a forcible entry and detainer claim against Bannick in the Dayton Municipal Court. After a hearing in front of the magistrate, the claim was dismissed, as the magistrate found that "the property is under terms of a purchase agreement with the parties." Disher promptly filed objections to the decision, arguing that there was an oral agreement to rent the garage, but there was not an agreement to buy the parcel on which the garage sat.

{¶ 5} On August 27, 2018, the municipal court overruled Disher's objections, adopted the magistrate's decision, and issued a final appealable order. Disher did not appeal, and a short time later, he filed a complaint for forcible entry and detainer and a quiet title action in the common pleas court.

{¶ 6} A trial was held before the common pleas court magistrate on February 15, 2019. The magistrate ultimately found that Disher had raised the same arguments in the Dayton Municipal Court case as he did in the action before the common pleas court, and that the forcible entry and detainer claim had been previously litigated and adjudicated. The magistrate reasoned that "Bannick's alleged failure to pay rent for the garage during the same time period was the subject of the complaint in both cases. Thus, the issue of title was actually litigated in the forcible entry and detainer hearing and as a result, Disher's forcible entry and detainer and quiet title claims are barred by res judicata." Magistrate's Decision at 7. Accordingly, the magistrate recommended that: (1) Disher's forcible entry and detainer and quiet title claims be dismissed; (2) Disher transfer Parcel R72-05703-0081 to Bannick within 14 days of the Final Judgment Entry in the matter; and (3) costs be paid by Disher. *Id.* at 7.

{¶ 7} Disher objected to the magistrate's decision, arguing that the Dayton

Municipal Court had not had the authority to make a decision in equity and that the quiet title action therefore was not barred by res judicata.

{¶ 8} On August 30, 2019, the common pleas court overruled Disher's objections and adopted the magistrate's recommendations. Disher appealed, but we dismissed for lack of a final appealable order. *Disher v. Bannick*, Montgomery App. No. 28544 (Decision and Final Judgment Entry, Dec. 4, 2019). On September 3, 2020, the trial court issued an amended order which overruled the objections, adopted the magistrate's decision, and dismissed all of Disher's claims. The court further ordered that Disher transfer the garage property to Bannick and pay court costs. Disher now appeals.

## II.    Res Judicata and Forcible Entry and Detainer and Quiet Title claims

{¶ 9} In his lone assignment of error, Disher argues that the magistrate (and by extension, the trial court) erred by ruling that his claims should be dismissed on res judicata grounds. He reasons that his quiet title claim could not be barred by res judicata because the municipal court lacked jurisdiction to consider it. Disher also posits that the municipal court could not have decided the quiet title issue, because the issue was not before it. Bannick, on the other hand, asserts that the magistrate's decision was correct because everything litigated at the common pleas level had been previously decided by the municipal court and, thus, res judicata applied.

{¶ 10} This case is at the intersection of several areas of law. The first body of law deals with the limits of a municipal court's jurisdiction and its ability to hear certain classes of cases. "Municipal courts and their subject-matter jurisdiction are creatures of statute and they possess only those powers legislatively granted." *Fenner v. Parkinson*, 69 Ohio

App.3d 210, 215, 590 N.E.2d 339 (10th Dist.1990). Municipal courts attain jurisdiction to hear forcible entry and detainer cases from R.C. 1901.18(A)(8).

{¶ 11} A forcible entry and detainer action is a statutory proceeding used to determine the right to present possession of real property. R.C. 1923.01; *Haas v. Gerski*, 175 Ohio St. 327, 329, 194 N.E.2d 765 (1963); *Brown v. Arnholt*, 2016-Ohio-5741, 70 N.E.3d 971, ¶ 24 (5th Dist.). It is "an action at law based on contract." *Behrle v. Beam*, 6 Ohio St.3d 41, 44, 451 N.E.2d 237 (1983). Forcible entry and detainer is only a possessory action, though, and does not determine the ownership of title of the property. *Haas* at 330; *Behrle* at 44. However, "as an incident to determining the right to possession, [the municipal court] may determine in whom the present title rests." *Haas* at 330.

{¶ 12} While municipal courts have been granted jurisdiction to handle forcible entry and detainer cases, they cannot hear quiet title matters. An action to quiet title is a proceeding under R.C. 5303.01 that "conclusively determine[s] the allocation of property interests" and falls under the subject matter jurisdiction of common pleas courts. *Ochsenbine v. Cadiz*, 166 Ohio App.3d 719, 2005-Ohio-6781, 853 N.E.2d 314, ¶ 13 (7th Dist.); R.C. 5303.01. "There is no statutory authority that would confer jurisdiction upon a municipal court to hear and determine an action to quiet title." *Arnholt* at ¶ 24.

{¶ 13} The other area of law critical to this case is res judicata. The doctrine of res judicata consists of two parts: (1) claim preclusion (res judicata) and (2) issue preclusion (collateral estoppel). Claim preclusion prevents later actions by the same parties based on a claim arising out of a transaction that was the subject of a previous lawsuit. *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6;

*Brown v. Dayton*, 89 Ohio St. 3d 245, 247, 730 N.E.2d 958 (2000). Issue preclusion stops re-litigation of any fact or point that was determined by the court in a previous suit between the same parties. *O'Nesti* at ¶ 7. "Issue preclusion applies even if the causes of action differ." *Id.*

{¶ 14} Here, Disher's action in the Dayton Municipal Court was only a forcible entry and detainer case. He did not ask that court to quiet title. The municipal court, in dismissing the action, made a simple judgment: "CASE DISMISSED. Property is under terms of a purchase agreement with the parties." There was no explanation or justification for the decision, just those two sentences. While we find no fault with the municipal court's simplicity in judgment, its vagueness had unintended consequences down the line.

{¶ 15} It appears that Bannick and the common pleas magistrate interpreted the municipal court's judgment to mean that the issue of title had been resolved in Bannick's favor, thereby eliminating, by way of res judicata, Disher's ability to raise a quiet title claim at the common pleas level. We do not see it that way.

{¶ 16} A forcible entry and detainer action can only determine the right to present possession of a property. Given the limited jurisdiction of the municipal court, it is not reasonable to interpret the phrase "[p]roperty is under terms of a purchase agreement with the parties" to mean that Bannick had legal title to parcel R72-05703-0081.

{¶ 17} Even if we concluded that the municipal court decided legal title to the property, such a proclamation would have been invalid because that court lacked jurisdiction to do so. While a municipal court has the statutory authority to decide present possession of property, "[t]here is no statutory authority that would confer jurisdiction upon a municipal court to hear and determine an action to 'quiet title' to real property." *Arnholt,*

2016-Ohio-5741, 70 N.E.3d 971, ¶24. "Where judicial tribunals have no jurisdiction of the subject matter, their proceedings are absolutely void. * * * [I]f the court is without jurisdiction it is powerless to act in the case." *Adkins v. Geyer*, 2d Dist. Clark No. CA 2107, 1986 WL 2654, *1 (Feb. 26, 1986).

{¶ 18} Having determined that Disher's quiet title claim was not barred by res judicata, we turn to the forcible entry and detainer suit which was also dismissed below. In his appellate brief, Disher's sole focus is resurrecting his quiet title claim, and he does not address the possible viability of the forcible entry and detainer action. Because the issue was not developed and argued, we consider it to be waived. *Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995). *Accord Dayton City School Dist. Bd. of Edn. v. Dayton Edn. Assn.*, 2018-Ohio-4350, 122 N.E.3d 249, ¶ 43 (2d Dist.); *Johnson v. Montgomery*, 2016-Ohio-1472, 63 N.E.3d 631, ¶ 25 (2d Dist.).

## III.     Conclusion

{¶ 19} The trial court erred when it dismissed Disher's quiet title claim. The judgment will be reversed as to quiet title, and the case will be remanded for further proceedings on the quiet title claim only. The judgment will be affirmed in all other respects.

. . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Brian Huelsman
Sean P. McCormick
Hon. Dennis J. Adkins