[Cite as *Dugas v. Moraine Police Chief*, 2021-Ohio-2428.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

GREG DUGAS                              :
                                   :
    Plaintiff-Appellant          :    Appellate Case No. 29015
                                   :
v.                                     :    Trial Court Case No. 2020-CV-3480
                                   :
CITY OF MORAINE POLICE CHIEF,          :    (Civil Appeal from
et al.                                 :    Common Pleas Court)
                                   :
    Defendants-Appellees         :

. . . . . . . . . . .

# O P I N I O N

Rendered on the 16th day of July, 2021.

. . . . . . . . . . .

GREG DUGAS, #A775-096, P.O. Box 80033, Toledo, Ohio 43608
    Plaintiff-Appellant, Pro Se

CARRIE M. STARTS, Atty. Reg. No. 0083922, ADAIR M. SMITH, Atty. Reg. No. 0095790, JAMES A. GAMMELL, Atty. Reg. No. 0099044, 525 Vine Street, Suite 1700, Cincinnati, Ohio 45202
    Attorneys for Defendant-Appellee Walmart Stores East

KELLY M. SCHROEDER, Atty. Reg. No. 0080637, 1 South Main Street, Suite 1800, Dayton, Ohio 45402
    Attorney for Defendants-Appellees City of Moraine Police Chief and City of Moraine Civil Service Commission

. . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** Greg Dugas appeals pro se from the trial court's order dismissing his action for pre-suit discovery. The City of Moraine Chief of Police, the City of Moraine Civil Service Commission, and Walmart Stores East, L.P. ("Walmart") had filed motions to dismiss. We affirm the judgment of the trial court.

**{¶ 2}** On September 9, 2020, Dugas filed a pro se "Action for Discovery" pursuant to R.C. 2317.48, which asserted three "causes of action." Dugas asserted that on October 23 or 24, 2019, he went to the Moraine Walmart at 9:00 p.m. to purchase a "money-gram," but he arrived too late to obtain one. According to Dugas, he left the store and proceeded to a "white pavilion" on Dorothy Lane to spend the night, intending to return to Walmart in the morning. Dugas alleged that he then "was literally surrounded by numerous police cruisers, both marked and unmarked, from approximately 10:30 PM until approximately daylight, in a plain show of force lasting, unrelented, for about 7 hours."

**{¶ 3}** In his first "cause of action," Dugas requested the "uncut, unedited, official police dispatch logs" from the night of this incident so he could "substantiate all police calls and police business" on the night of the incident. He further requested the full name and rank of every Moraine police officer on duty on the night of the incident, along with their official personnel and disciplinary files. Dugas also requested "all video (cruiser cams, body cams) and/or audio which reflects or tends to reflect any part of this police interaction" with him on the night in question and an explanation of "why he was subjected to such show of authority."

**{¶ 4}** In his second "cause of action," Dugas asserted that he was arrested on October 26, 2019, on a charge of aggravated robbery for allegedly stealing a car from the

parking lot of the Moraine Walmart. He asserted that he made "specific, sworn statements" to Moraine police officers in the course of an interview and told them that "he was the victim of a 'group' of felony stalkers who had stalked him and threatened him 'all day long' " on October 26, 2019. Dugas also alleged that two Moraine police officers withheld exculpatory evidence from him.

{¶ 5} In his third "cause of action," Dugas asserted that the Moraine Walmart and two of its employees had engaged in "a civil conspiracy" with the Moraine Police Department and its employees to withhold exculpatory evidence. Dugas requested "all video surveillance footage on all store cameras, inside and outside the [Walmart] store, from the hours of 9:00 p.m. through 10:30 p.m." on October 26, 2019. He asserted that such discovery was "necessary to identify possible defendants to a lawsuit and establish [a] claim in a lawsuit for conspiracy to convict Greg Dugas without due process of law."

{¶ 6} On October 8, 2020, the City of Moraine Chief of Police and the City of Moraine Civil Service Commission filed a motion to dismiss pursuant to Civ.R. 12(B)(6); WalMart filed a motion to dismiss on October 9, 2020. In sustaining the motions, the trial court noted that pre-suit discovery pursuant to R.C. 2317.48 "is limited to interrogatories." Thus, the court concluded that Dugas's "Action for Discovery" was "overly broad," since he asked for the production of documents and evidence, not merely responses to interrogatories. The court also noted that Dugas did not explain why he needed the requested discovery in order to file a complaint and characterized the requests as "a fishing expedition" not permitted by R.C. 2317.48. The court also found that Dugas's "Action for Discovery" failed to meet the requirements of Civ.R. 34(D) in that it did not demonstrate that Dugas had sought discovery from the respondents voluntarily prior to

filing the action.   The court noted that Ohio courts have held that dismissal is appropriate where all three elements of Civ.R. 34(D) are not met.

{¶ 7} It was significant to the court that Dugas failed to explain how the requested discovery would enable him to identify potential defendants in a civil suit, particularly because Dugas "seem[ed] to know the names of adverse parties because he name[d] them" in the Action for Discovery.   The court noted that Dugas had also (1) failed to plead that he would be unable to bring a civil action without the requested discovery as required by Civ.R. 34(D)(3)(b) and (2) failed to identify any efforts to obtain the requested discovery from the adverse parties prior to filing the Action for Discovery.   The court therefore concluded that Dugas's Action for Discovery failed to meet the requirements of both R.C. 2317.48 and Civ.R. 34(D), that he had failed to state a claim upon which relief may be granted, and that each of the adverse parties were entitled to dismissal under Civ.R. 12(B)(6).   The court ordered the matter "terminated upon the records of the Common Pleas Court."

{¶ 8} Dugas appeals.

{¶ 9} In his pro se brief, in a section entitled "Statement of the Case," Dugas admits that he failed to state a claim upon which relief can be granted because he "cast his discovery requests to[o] broadly to be granted in a pre-suit discovery action."   He also admits that his Action for Discovery was properly dismissed as overbroad.   Dugas asserts, however, that the court's order should have specifically included language that the dismissal was "without prejudice," and/or "not on the merits," so as to "prevent unjust res judicata bars from being asserted" by the adverse parties in the future when Dugas files his " 'substantive claims' for damages" against them.

{¶ 10} Dugas raises the following assignment of error:

THE LOWER COURT'S DISMISSAL ORDER FAILED TO PROPERLY STATE THAT THE DISMISSAL IS (1) "WITHOUT PREJUDICE," AND/OR THAT IT IS (2) "NOT ON THE MERITS," SO AS TO PROPERLY PRESERVE DUGAS'S RIGHT TO FILE AND PURSUE HIS SUBSTANTIVE CLAIMS AGAINST THESE RESPECTIVE DEFENDANTS.

{¶ 11} Dugas argues that while the trial court correctly characterized some of his claims as discovery requests, the court then "seem[ed] to drift off into an attempt to mischaracterize other claims" in his discovery action as though Dugas were asserting " 'substantive claims' for substantive relief."   He asserts that the fact that he "pleaded his 'substantive claims' into the framework of the discovery action" did not mean that he had " 'pleaded' his substantive claims for res judicata purposes."   Dugas asserts he was simply complying with the pleading requirements of Ohio law, as required by the discovery statute, R.C. 2317.48, so that the trial court would understand what his discovery action was about.

{¶ 12}  As this court has noted, "Civ.R. 12(B)(6) allows for the dismissal of a complaint for 'failure to state a claim upon which relief can be granted.'   We review the trial court's dismissal of a Civ.R. 34(D) petition for pre-suit discovery on a de novo basis." *Riverview Health Inst., LLC v. Kral*, 2d Dist. Montgomery No. 24931 2012-Ohio-3502, ¶ 15, quoting *Cruz v. Kettering Health Network,* 2d Dist. Montgomery No. 24465, 2012-Ohio-24, ¶ 22.

{¶ 13} The following is well-settled:

The doctrine of res judicata consists of two parts: (1) claim preclusion (res judicata) and (2) issue preclusion (collateral estoppel). Claim preclusion prevents later actions by the same parties based on a claim arising out of a transaction that was the subject of a previous lawsuit. *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6; *Brown v. Dayton*, 89 Ohio St. 3d 245, 247, 730 N.E.2d 958 (2000). Issue preclusion stops re-litigation of any fact or point that was determined by the court in a previous suit between the same parties. *O'Nesti* at ¶ 7. "Issue preclusion applies even if the causes of action differ." *Id.*

*Disher v. Bannick*, 2d Dist. Montgomery No. 28903, 2021-Ohio-1331, ¶ 13.

{¶ 14} As this Court has further noted:

The term "with prejudice" connotes the claim preclusion bar imposed by res judicata, which results from a prior decision on the merits by a court of competent jurisdiction. *Grava v. Parkman* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226. Civ.R. 41(B)(3) provides that, except when the court otherwise specifies, an involuntary dismissal operates as an adjudication on the merits, except those resulting from a failure of jurisdiction or a failure to join a necessary party.

An order of dismissal entered pursuant to Civ.R. 12(B)(6) is an adjudication on the merits of the issue the rule presents, which is whether a pleading put before the court states a claim for relief. It does not adjudicate the merits of the claim itself, unless it can be pleaded in no other

way. Then, the res judicata bar applies not only to the pleadings involved but also, consequently, to the claim or defense presented.

*Collins v. Natl. City Bank*, 2d Dist. Montgomery No. 19884, 2003-Ohio-6893, ¶ 50-51.

**{¶ 15}** Dugas acknowledges that the trial court properly dismissed his action for pre-suit discovery pursuant to Civ.R. 12(B)(6) for failure to state a claim. As Walmart acknowledges, a "dismissal of a pre-suit discovery action acts as *res judicata* as to the discovery action only," and "Dugas is barred from refiling the same claim for pre-suit discovery" pursuant to res judicata. *See Wheeler v. Girvin*, 1st Dist. Hamilton No. C-980302, 1999 WL 193431, *6 ("[A]n action for discovery is an auxiliary proceeding.* * * This decision is *res judicata* only as to the action in discovery, and nothing in it should be construed to prevent [a party] from filing his suit on the merits, as long as it is otherwise proper. At that time, he can engage in more extensive discovery than that provided for in R.C. 2317.48 or Civ.R. 34(D).").

**{¶ 16}** For the foregoing reasons, the assignment of error is overruled.

**{¶ 17}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and EPLEY, J., concur.


Copies sent to:

Greg Dugas
Carrie M. Starts
Adair M. Smith
James A. Gammell
Kelly M. Schroeder
Hon. Susan D. Solle