[Cite as *State ex rel. Portaro Group, Inc. v. Parma Mun. Court*, 2023-Ohio-937.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL.,                                         :
THE PORTARO GROUP, INC.,

      Relator,                                        :

                                No. 112134

      v.                                              :

PARMA MUNICIPAL COURT,                                 :
ET AL.,

      Respondents.                                    :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DISMISSED
**DATED:** March 21, 2023

---

Writ of Prohibition
Motion No. 561966
Order No. 562775

---

### *Appearances:*

Walter Haverfield LLP, Mark S. Fusco and Sara Ravas Cooper, *for relator*.

Timothy G. Dobeck, Parma Director of Law, and Michael P. Maloney, Assistant Law Director, *for respondents*.

EILEEN A. GALLAGHER, J.:

{¶ 1} On November 16, 2022, the relator, The Portaro Group, Inc., commenced this prohibition action against the respondents, the Parma Municipal

Court, Judge Deanna O'Donnell and Magistrate Edward Fink, to prevent the respondents from adjudicating the underlying case, *Everstream Solutions, LLC, v. The Portaro Group, Inc.,* Parma M.C. No. 22 CVG 04051, a forcible entry and detainer ("FED") case. Portaro argues that, pursuant to the principles of jurisdictional priority, its case, *The Portaro Group, Inc. v. Everstream Solutions,* Cuyahoga C.P. No. CV-22-962693, vests the Cuyahoga County Common Pleas Court with jurisdiction over the matter to the exclusion of the municipal court.

{¶ 2} This court immediately issued an alternative writ that prohibited the respondents from adjudicating the underlying case until further order of this court and set a schedule for the submission of evidence and briefs. Everstream filed a motion to intervene which this court granted. It also filed a motion to dismiss. This court allowed the parties until February 13, 2023 to respond to the motion.

{¶ 3} The evidence and briefs have been submitted and this case is ripe for resolution. For the following reasons, this court grants Everstream's motion to dismiss, dismisses the application for a writ of prohibition and dissolves the alternative writ.

**Procedural and Factual Background**

{¶ 4} In April 2007, Geis Family Ltd., II leased to M & A Enterprises, LLC, 14,127 square feet of floor space at 12875 Corporate Drive, Parma, Ohio. In September 2011, M & A Enterprises assigned its rights under the lease to Aegis Data Center, LLC. On September 30, 2014, Aegis Data Center subleased to The Portaro Group, Inc., 4200 square feet of the subject property. Subsequently, in June 2016,

Aegis Data Center assigned its rights, title and interest in the lease to Everstream Solutions. Thus, in the context of subleases, the underlying dispute is between Everstream as landlord and Portaro as tenant.

{¶ 5} The lease provides that Portaro has two options to extend the lease by five years. If it exercises the options, the rent increases by 4 percent at the start of the renewal period and 6 percent at the start of year three of the renewal period. Portaro exercised the options and Everstream maintains that Portaro did not pay the increased rent and threatened to evict Portaro for breach of lease.

{¶ 6} In response, on April 28, 2022, Portaro commenced *The Portaro Group, Inc. v. Everstream Solutions LLC,* Cuyahoga C.P. No. CV-22-962693 in which it seeks a declaratory judgment that (1) it is not in material breach of the lease and that Everstream cannot terminate the lease and (2) Portaro is not compelled to surrender possession of the space it occupies in any fashion. On May 31, 2022, Everstream counterclaimed for breach of contract, money damages and declaratory judgment that it has the right to terminate Portaro's use of the space and relet the space, along with additional damages for missed or lower rent.

{¶ 7} On October 11, 2022, Everstream filed the underlying FED action against Portaro in the Parma Municipal Court. Portaro moved to dismiss this action for lack of jurisdiction pursuant to the jurisdictional priority rule. When Judge O'Donnell denied that motion, Portaro commenced this prohibition action.

## Discussion of Law

{¶ 8} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 65, 90 N.E.2d 598 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940). Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988). However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local*

*School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997). Moreover, this court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶ 9} Similarly, the principles of the jurisdictional priority rule are also well established. This rule provides that "'[a]s between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.'" *State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 393, 678 N.E.2d 549 (1997); quoting *State ex rel. Racing Guild of Ohio v. Morgan* 17 Ohio St.3d 54, 56, 476 N.E.2d 1060 (1985). Furthermore, "it is a condition of the operation of the state jurisdictional priority rule that the claims or causes of action be the same in both cases, and '[i]f the second case is not for the same cause of action, nor between the same parties, the former suit will not prevent the latter.'" *Crawford* at 393, quoting *State ex rel. Sellers v. Gerken*, 72 Ohio St.3d 115, 117, 647 N.E.2d 807 (1995) and *State ex rel. Judson v. Spahr*, 33 Ohio St.3d 111, 113, 515 N.E.2d 911 (1987).

{¶ 10} Nonetheless, the rule may apply even if the causes of action and requested relief are not identical. *Sellers* and *State ex rel. Otten v. Henderson*, 129 Ohio St.3d 453, 2011-Ohio-4082, 953 N.E.2d 809. That is, if the claims in both cases are such that each of the actions comprise part of the "whole issue" that is within the exclusive jurisdiction of the court whose power is legally first invoked, the

jurisdictional priority rule may be applicable. The determination of whether the two cases involve the "whole issue" or matter requires a two-step analysis: "First, there must be cases pending in two different courts of concurrent jurisdiction involving substantially the same parties. Second, the ruling of the court subsequently acquiring jurisdiction may affect or interfere with the resolution of the issues before the court where suit was originally commenced." *Michaels Bldg. Co. v. Cardinal Fed. S. & L. Bank,* 54 Ohio App.3d 180, 183, 561 N.E.2d 1015 (8th Dist.1988); and *Tri State Group, Inc. v. Metcalf & Eddy of Ohio, Inc.*, 8th Dist. Cuyahoga No. 92660, 2009-Ohio-3902.

{¶ 11} Portaro argues that the issue in a FED action is who has the immediate right to possess the premises. It maintains that its second claim in the common pleas court — a declaratory judgment to establish that it is not compelled to surrender possession of the space it occupies in any fashion — litigates the right to immediate possession. Therefore, Portaro claims that because this claim was brought first in common pleas court, it deprives the Parma Municipal Court of jurisdiction over the FED action.

{¶ 12} However, most of the cases that apply the jurisdictional priority rule to FED cases have held that the jurisdictional priority rule does not prohibit the municipal courts from adjudicating the FED actions.

{¶ 13} *State ex rel. Weiss v. Hoover,* 84 Ohio St.3d 530, 705 N.E.2d 1227 (1999) is particularly instructive. In that case, the landlord of commercial property indicated to the lessee that the failure to pay additional rents rendered the lessee in

default. The lessee filed an action for declaratory judgment for its right to continued use of the property before the landlord brought his FED action in municipal court. When the municipal court judge transferred the FED action to the common pleas court, the landlord commenced a procedendo action against the municipal court judge to compel the judge to adjudicate the FED action. In granting the writ of procedendo, the Supreme Court of Ohio ruled that the jurisdictional priority rule did not justify staying the FED action because the claims in the two lawsuits were different.

{¶ 14} The declaratory judgment claim for continued use of the property in *Weiss* is indistinguishable from Portaro's declaratory judgment claim to establish that it is not compelled to surrender possession. Just as the declaratory judgment for continued use did not preclude the FED claim in *Weiss*, so too Portaro's claim that it not be compelled to surrender possession does not preclude the respondents from adjudicating the underlying case.

{¶ 15} Similarly, in *State ex rel. Brady v. Pianka*, 106 Ohio St.3d 147, 2005-Ohio-4105, 832 N.E.2d 1202, ¶ 13, the Supreme Court declined to use the jurisdictional priority rule to stop a FED action, because it was not the same cause of action as a declaratory judgment claim to determine rights under a settlement agreement. In *State ex rel. Tri Eagle Fuels, L.L.C., v. Dawson,* 157 Ohio St.3d 20, 2019-Ohio-2011, 131 N.E.2d 20, the tenant, Tri Eagle Fuels, when it received the three-day eviction notice, immediately sued the landlord for breach of contract, anticipatory breach of contract, promissory estoppel and tortious interference with

business relations in common pleas court. The landlord commenced its FED action in municipal court and filed a counterclaim in the common pleas case for breach of contract, ejectment, negligence in care of the property and declaratory judgment that the lease is terminated. The Supreme Court of Ohio ruled that the jurisdictional priority rule did not apply. It reasoned that the two cases did not present the same causes of action. The FED action is a special statutory proceeding that resolves only one limited question: who has immediate right to possess the premises. The common pleas court case, by contrast, implicated broader questions of contractual rights and remedies. The court also declined to apply "the whole issue" analysis; it should be applied only in narrow circumstances in which the two cases raise the exact same legal claim or involved resolution of the same issue.

{¶ 16} In *State ex rel. Charron-Krofta v. Corrigan*, 8th Dist. Cuyahoga No. 69434, 1995 Ohio App. LEXIS 4520 (Oct. 12, 1995), Charron-Krofta had entered into a five-year lease for a liquor establishment. When disputes arose, Charron-Krofta sought a declaration as to the terms and conditions of the lease, the reinstatement of the lease and money damages. The landlord then commenced a FED action in the Cleveland Municipal Court. When that court issued the eviction, Charron-Krofta brought the prohibition action to prevent her eviction. This court reasoned that because it was not certain that the common pleas claims were identical or sufficiently similar so as to involve the whole issue, the municipal court had sufficient jurisdiction to determine its own jurisdiction, precluding prohibition.

{¶ 17} Portaro's reliance on *Ashtabula Cty. Airport Auth. v. Rich,* 11 Dist. Ashtabula No. 2013-A-0069, 2014-Ohio-4288 is not persuasive. In that case, Rich leased hangar space from the Airport Authority. When the Authority threatened to evict Rich for not abiding by the terms of the lease — using his own electric generator to open and close the hangar doors instead of the Authority's supplied electrical power — Rich sued the Authority in common pleas court for, inter alia, breach of contract, breach of good faith, declaratory judgment, interference with contract and fraud. Subsequently, the Authority brought a FED claim in Ashtabula County Court, which granted Rich's motion to dismiss for lack of jurisdiction. On appeal, the Eleventh District affirmed, holding that because the common pleas court first obtained jurisdiction over the whole issue, the jurisdictional priority rule deprived the county court of jurisdiction to hear the eviction action. The procedural posture of that case was that the trial court had sufficient jurisdiction to determine its own jurisdiction and that decision was affirmed by the court of appeals.

{¶ 18} So, too, in the present case, this court concludes that the jurisdictional priority rule does not patently and unambiguously deprive the respondents of jurisdiction and that they have sufficient jurisdiction to determine the trial court's jurisdiction. If the declaratory judgment claim for continued use of the property in *Weiss* did not invoke the jurisdictional priority rule, then Portaro's declaratory judgment claim to not surrender possession also does not necessarily invoke it. Portaro, if necessary, has an adequate remedy at law through appeal of the underlying case with a motion for stay.

{¶ 19} Accordingly, this court grants Everstream's motion to dismiss and dismisses the application for a writ of prohibition, and dissolves the alternative writ. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 20} Writ dismissed.


_____

EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN T. GALLAGHER, J., CONCUR