[Cite as *State ex rel. Eldridge v. Kilbane*, 2025-Ohio-5053.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE EX REL.,                                          :
SORETHA MARIE ELDRIDGE,

                                                        :

    Relator,

                                                        :               No. 115338

    v.

                                                        :

JUDGE ASHLEY KILBANE,

                                                        :

    Respondent.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRITS DISMISSED
**DATED:** October 31, 2025

---

Writs of Mandamus and Prohibition
Motion No. 587190
Order No. 589033

---

***Appearances:***

Soretha Eldridge, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora E. Poore, Assistant Prosecuting Attorney, *for respondent*.

MICHAEL JOHN RYAN, J.:

{¶ 1} On July 17, 2025, the relator Soretha Eldridge commenced this mandamus and prohibition action against the respondent, Judge Ashley Kilbane, to

dismiss the underlying action, *William Eldridge, Jr. v. Soretha Eldridge,* Cuyahoga C.P. No. CV-23-980910, on the priority of jurisdiction principle and disqualification of the judge for judicial bias. The relator also sought a stay of the July 8, 2025 hearing and relief from appearing before Judge Kilbane. On August 19, 2025, the respondent judge moved to dismiss. On September 8, 2025, Eldridge filed her brief in opposition but did not address the judge's arguments. Rather, she stated that she wanted findings of fact and conclusions of law for a preliminary injunction and to vacate the preliminary injunction because the judge did not accept proper documentary evidence and did not resolve contradictory evidence. Eldridge also claimed that her attorney did not receive proper notice and that she was prohibited from presenting evidence. In this brief in opposition, Eldridge acknowledged that her writ petition contained citation errors and hallucinated cases because she "relied on assistance that proved inadequate" and requested leave to amend her petition with correct legal authority.[1] The judge filed a reply brief on September 15, 2025. For the following reasons, this court grants the respondent's motion to dismiss.

PROCEDURAL AND FACTUAL BACKGROUND

{¶ 2} As gleaned from the docket and filings of the underlying cases, William Eldridge is the father of relator Soretha Eldridge, and this dispute concerns the home on Mannering Rd. in Cleveland. On April 10, 2023, Soretha commenced a forcible entry and detainer action against her father, *Eldridge v. Eldridge,*

---

[1] A "hallucinated case" is a made-up, fictitious case generated by "artificial intelligence, AI."

Cleveland M.C. No. 2023-CVG003855. She averred that she owns the property pursuant to deeds executed in 2018 and 2019, and that she had terminated the month-to-month lease. By June 2, 2023, she had obtained an eviction order.

{¶ 3} In response, on June 13, 2023, William commenced the underlying action against Soretha. He averred that a 2018 quitclaim deed that purported to transfer the Mannering property from himself to Soretha was a forged and fraudulent deed. His complaint included claims for negligence, unjust enrichment, fraud, misrepresentation, conversion, constructive trust, slander of title, declaratory judgment to declare the quitclaim deed void, quiet title, and injunctive relief.

{¶ 4} On June 15, Soretha and her father entered into an agreed judgment entry in which the scheduled eviction in the Cleveland Municipal Court would be stayed until further order of the common pleas court and a preliminary injunction hearing was scheduled for June 29, 2023. On June 30 after the hearing, the respondent judge granted the father's motion for preliminary injunction staying the eviction until further order or final judgment in this matter.

{¶ 5} In early May 2024, in the Cleveland Municipal Court, Soretha moved to evict her father, who filed a motion to show cause in the common pleas court case why Soretha should not be held in contempt for violating the preliminary injunction. After an emergency hearing on the motion on May 20, 2024, the respondent judge in a May 22, 2024 journal entry noted that the preliminary injunction was pursuant to an agreement between the parties to stay the eviction and submit to the jurisdiction of the common pleas court. The judge further noted that she had

granted Soretha multiple continuances because the parties had agreed to stay the eviction.

{¶ 6} In early January 2025, William and Soretha reached a settlement: the 2018 and 2019 deeds would be void and title to the property would vest solely in William, who would not encumber the property during his life and then pass it onto his grandchildren upon his death. As part the settlement Soretha asserted that she had not encumbered the property; the parties would conduct a title search prior to the final judgment.

{¶ 7} However, by July 2025, the title search found liens that ran afoul of the January 2025 settlement order. The respondent judge ordered the parties to produce documents evidencing the liens and when they were incurred. Soretha then commenced this writ action.

## LEGAL ANALYSIS

{¶ 8} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141 (1967), paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural

irregularities in the course of a case. *State ex rel. Wilmore v. Hayes,* 2013-Ohio-4716, ¶ 6 (8th Dist.). Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. *State ex rel. Tran v. McGrath*, 1997-Ohio-245. Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165 (1977); *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43 (8th Dist. 1993).

{¶ 9} Although mandamus should be used with caution, the court has discretion in issuing it. In *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141 (1967), paragraph seven of the syllabus, the Supreme Court of Ohio ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done." The Court elaborated that in exercising that discretion the court should consider

> the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case.
>
> . . .
>
> Among the facts and circumstances which the court will consider are the applicant's rights, the interests of third persons, the importance or unimportance of the case, the applicant's conduct, the equity and justice of the relator's case, public policy and the public's interest, whether the performance of the act by the respondent would give the relator any effective relief, and whether such act would be impossible, illegal, or useless.

*Id.* at 161-162. *State ex rel. Bennett v. Lime*, 55 Ohio St.2d 62 (1978).

{¶ 10} Similarly, the principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160 (1989). Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. *State ex rel. Lesher v. Kainrad*, 65 Ohio St.2d 68 (1981). Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.,* 153 Ohio St. 64, 65 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273 (1940). Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174 (1988); and *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387 (8th Dist. 1995). However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via an appeal

from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489 (1997). Moreover, this court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127 (1973).

{¶ 11} Soretha's first argument is that pursuant to priority of jurisdiction principles, Cleveland Municipal Court has jurisdiction over the matter, rather than the common pleas court, and the underlying case should be dismissed for lack of jurisdiction.

{¶ 12} The principles of the jurisdictional priority rule are well established. This rule provides that "[a]s between [state] courts of concurrent jurisdiction, the tribunal whose power is firsts invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all tribunals, to adjudicate upon the whole issue and to settle the rights of the parties." *State ex rel. Dannaher v. Crawford,* 78 Ohio St.3d 391, 393 (1997); quoting *State ex rel. Racing Guild of Ohio v. Morgan,* 17 Ohio St.3d 54, 56 (1985); and *State ex rel. Phillips v. Polcar,* 50 Ohio St.2d 279 (1977), syllabus. Furthermore, "it is a condition of the operation of the state jurisdictional priority rule that the claims or cases of action be the same in both cases, and '[i]f the second case is not for the same cause of action, nor between the same parties, the former suit will not prevent the latter.'" *Crawford* at 393, quoting *State ex rel. Sellers v. Gerken,* 1995-Ohio-247, and *State ex rel. Judson v. Spahr,* 33 Ohio St.3d 111, 113 (1987). Nonetheless, the rule may apply even if the causes of action and requested relief are not identical. *Sellers* and *State ex rel. Otten v.*

*Henderson,* 2011-Ohio-4082. That is, if the claims in both cases are such that each of the actions comprise part of the "whole issue" that is within the exclusive jurisdiction of the court whose power is legally first invoked, the priority of jurisdiction principles may be applicable.

{¶ 13} However, in the present matter, the causes of action are different, and priority of jurisdiction rule does not apply. Although municipal courts have jurisdiction to adjudicate forcible entry and detainer actions, they cannot hear quiet title matters. *Disher v. Bannick,* 2021-Ohio-1331 (2d Dist.); and *Brown v. Arnolt,* 2016-Ohio-5741 (5th Dist.). Ohio courts have repeatedly declined to apply the rule when one case is a forcible entry and detainer case and the other case involves such claims as breach of contract, promissory estoppel, tortious interference with business relations, declaratory judgment, quiet title, ejectment, and fraud. *State ex rel. Tri Eagle Fuels, L.L.C. v. Dawson,* 2019-Ohio-2011; *State ex rel. Brady v. Pianka,* 2005-Ohio-4105; *State ex rel. Weiss v. Hoover,* 84 Ohio St.3d 530 (1999); *Haas v. Gerski*, 175 Ohio St. 327 (1963); *CS/RW Westlake Indoor Storage, L.L.C. v. Russo,* 2016-Ohio-2845 (8th Dist.); and *State ex rel. The Portaro Group, Inc. v. Parma Mun. Court,* 2023-Ohio-937 (8th Dist.).

{¶ 14} Eldridge's next argument is that the respondent judge engaged in unprofessional behavior, such as screaming at Eldridge, which deprives her of jurisdiction and should absolve Eldridge from appearing in court. However, "improper, biased, prejudiced, discourteous, undignified, impatient, and belligerent conduct does not relate to a patent and unambiguous lack of jurisdiction warranting

a writ of prohibition." *Woodard v. Colaluca,* 2014-Ohio-3824, ¶ 9 (8th Dist.); and *Jacobs v. Cuyahoga Cty. Ct. of Common Pleas,* 2025-Ohio-2076 (8th Dist.). Furthermore, Eldridge provided no authority for the proposition that such behavior establishes a clear legal right to not appear before a court. Thus, she has not carried her burden for this court to issue a writ of mandamus.

{¶ 15} To the extent that she seeks a stay of the July 8, 2025 hearing, that issue became moot before she filed this writ action on July 17, 2025.

{¶ 16} The court declines Eldridge's suggestion that this court allow her to amend her petition with correct legal authority. She did not proffer a proper motion to amend, and the court doubts the efficacy of such efforts. *State ex rel. Tri Eagle Fuels, L.L.C. v. Dawson,* 2018-Ohio-3054 (8th Dist.). Similarly, the court declines to address the new claims she argues in her brief in opposition, such as that the preliminary injunction is void because the judge did not issue findings of fact and conclusions of law pursuant to Civ.R. 65, that mandamus should issue for proper notice because she claims her attorney did not get notice of the hearing two years ago, and that the trial judge made multiple evidentiary errors. These were not proffered in a motion to amend but in a brief in opposition.

{¶ 17} Accordingly, this court grants the respondent's motion to dismiss this writ action. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

**{¶ 18}** Writs dismissed.

_____
MICHAEL JOHN RYAN, JUDGE

EILEEN T. GALLAGHER, P.J., and
DEENA R. CALABRESE, J., CONCUR