[Cite as *Yo Properties 47, L.L.C. v. Enbridge Gas Ohio*, 2026-Ohio-1875.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

YO PROPERTIES 47, LLC, ET AL.,  :

    Plaintiffs-Appellants,  :

                       No. 115959

    v.  :

ENBRIDGE GAS OHIO, ET AL.,  :

    Defendants-Appellees.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 21, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-25-117170

---

### *Appearances:*

The Law Office of Michael Pasternak and Michael B. Pasternak; Justin A. Dublikar; and Robinson Law Firm LLC and Emmett E. Robinson, *for appellants*.

McDonald Hopkins LLC, Matthew R. Rechner, Richard W. Cline, Alex Tominc, and Jamya A. Terry, *for appellees*.

SEAN C. GALLAGHER, J.:

{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. Plaintiffs-appellants YO Properties 47, LLC; The

Cincinnati Indemnity Company; and The Cincinnati Insurance Company appeal the trial court's decision to dismiss the case without prejudice for lack of subject-matter jurisdiction. Upon review, we affirm.

{¶ 2} On May 5, 2025, YO Properties 47, LLC ("YO Properties"), The Cincinnati Indemnity Company, and The Cincinnati Insurance Company filed a complaint against multiple defendants that are collectively referred to as "the Enbridge defendants"; other defendants that subsequently were voluntarily dismissed from the action, which included Dominion Energy, Inc., Columbia Gas of Ohio, Inc., and MS Consultants, Inc.; and John Does 1 through 10.[1] The complaint made averments related to a natural gas line and an explosion incident that occurred on May 28, 2024, which resulted in multiple injuries and significant property damage. The complaint included claims for negligence, negligence per se, res ipsa loquitor, strict liability, subrogation, subrogation and contribution, and gross negligence/punitive damages.

{¶ 3} Relevant hereto, on July 16, 2025, the Enbridge defendants and Dominion Energy, Inc., filed a joint motion to dismiss plaintiffs' complaint for lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1) and the jurisdictional-

---

[1] The Enbridge defendants as identified in the complaint include Enbridge Gas Ohio; East Ohio Gas Company; Enbridge, Inc.; Enbridge (U.S.) Gas Distribution, LLC; Enbridge Elephant Holdings, LLC; Enbridge Alternative Fuel, LLC; Enbridge Pipelines (Toledo) Inc.; Enbridge Genoa U.S. Holdings, LLC; Enbridge (U.S.), Inc.; Enbridge EOG Holdings, LLC; Dominion Energy Questar Corporation. The Enbridge defendants later clarified the identity of The East Ohio Gas Company d.b.a. Enbridge Gas Ohio and EOG Holdings II Corporation f.k.a. Dominion Energy Questar Corporation.

priority rule. Because Dominion Energy, Inc., was voluntarily dismissed from the action, we only refer to the Enbridge defendants. In the motion, the Enbridge defendants argued that the Mahoning County Court of Common Pleas has exclusive jurisdiction over the matter. The Enbridge defendants listed 14 lawsuits that were pending in Mahoning County, 11 of which were filed prior to this action, and attached copies of the complaints to their motion. The Enbridge defendants argued that the Mahoning County actions and this action involve substantially the same parties and liability witnesses and the same or similar tort-based causes of action. They further argued that the Mahoning County actions require resolution of the same central issues involved in this matter regarding causation and liability related to the explosion incident. Other arguments were made. Appellants opposed the motion, and a reply brief was filed. The trial court initially denied the motion. However, on November 24, 2025, the trial court sua sponte reconsidered the motion and dismissed the case without prejudice. This appeal followed.

{¶ 4} Appellants' sole assignment of error claims that "the trial court wrongly granted the defendants' motion to dismiss premised on the jurisdictional priority rule." "Whether a court has jurisdiction over a matter is a legal question that this court reviews de novo." *State ex rel. Maron v. Corrigan*, 2023-Ohio-2556, ¶ 9, citing *State v. Hudson*, 2022-Ohio-1435, ¶ 19.

{¶ 5} The jurisdictional-priority rule provides that "'[a]s between courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other

tribunals, to adjudicate upon the whole issue and to settle the rights of the parties[.]'" *Id.* at ¶ 10, quoting *State ex rel. Phillips v. Polcar*, 50 Ohio St.2d 279 (1977), syllabus.  The rule "exists to promote judicial economy and avoid inconsistent results." *State ex rel. Consortium for Economic & Community Dev. for Hough Ward 7 v. Russo*, 2017-Ohio-8133, ¶ 10.  When the rule applies, jurisdiction is patently and unambiguously lacking.  *Maron* at ¶ 9.

**{¶ 6}** "The jurisdictional-priority rule *generally* requires the claims and parties to be the same in both cases, so if the second case is not for the same cause of action, nor between the same parties, the former suit will not prevent the latter." (Emphasis added; cleaned up.)  *State ex rel. Hasselbach v. Sandusky Cty. Bd. of Elections*, 2019-Ohio-3751, ¶ 9.  Nevertheless, the Supreme Court of Ohio has recognized that "the jurisdictional-priority rule can apply even when the causes of action and relief requested are not exactly the same, as long as the actions present part of the same 'whole issue.'" *State ex rel. Dunlap v. Sarko*, 2013-Ohio-67, ¶ 11, citing *State ex rel. Otten v. Henderson*, 2011-Ohio-4082, ¶ 29.

**{¶ 7}** The Supreme Court has "applied the whole-issue exception 'only in the narrow circumstances in which the two cases raise the exact same legal claim or involve resolution of the same issue.'" *Maron*, 2023-Ohio-2556, at ¶ 12, quoting *State ex rel. Tri Eagle Fuels, L.L.C. v. Dawson*, 2019-Ohio-2011, ¶ 14.  In determining whether cases present part of the same "whole issue," courts have considered whether (1) there are cases pending in two different courts of concurrent jurisdiction that involve substantially the same parties, and (2) the

ruling of the court subsequently acquiring jurisdiction may affect or interfere with the resolution of the issues before the court where the suit was originally filed. *McCloud v. Payne*, 2023-Ohio-4850, ¶ 19-21 (9th Dist.); *Davis v. Cowan Sys.*, 2004-Ohio-515, ¶ 14 (8th Dist.).

{¶ 8} In cases that have found the whole-issue exception did not apply, there generally has been no central legal issue in common between the cases, even though there may have been certain common-factual issues. *See, e.g., Tri Eagle Fuels* at ¶ 11-14 (finding a landlord's forcible-entry-and-detainer action was a special proceeding limited to deciding the right to immediate possession that becomes moot once possession of the property is restored, whereas the lessee's breach-of-contract case implicated broader questions of contractual rights and remedies); *Master Nails, Inc. v. Master Nails Lana*, L.L.C., 2024-Ohio-1694, ¶ 20-30 (8th Dist.) (finding no central legal issue in common between the divorce case and the tort case involved); *see also Maron* (involving a divorce case and a breach-of-easement lawsuit). However, this case is more akin to *McCloud* and *Davis*, wherein the jurisdictional-priority rule was applied when the cases at issue involved substantially the same parties, arose out of the same accident or incident, and shared a common central issue of liability, and a ruling in one action would affect and interfere with the resolution of the issues in the other.

{¶ 9} In *Davis,* the two lawsuits involved "substantially the same parties and liability witnesses" and arose out of the same motor vehicle accident. *Id.* at ¶ 15. Further, it was determined that the issue of liability was yet to be determined

and that a ruling in the second action would affect and interfere with the resolution of the first action when "the appellant seeks compensation for injuries resulting from the very same motor vehicle accident[.]" *Id*. at ¶ 17. The court also recognized a lack of any prejudice by a dismissal and the ability of a party to intervene in the other action. *Id*. at ¶ 18. As the panel from this court explained:

> [I]n addition to the two suits involving substantially the same parties, a ruling in the Cuyahoga County case could certainly affect or interfere with the resolution of the issues in the case pending in Portage County. In the Cuyahoga action, the appellant seeks compensation for injuries resulting from the very same motor vehicle accident which caused Cowan Systems to bring suit against the tortfeasor for property damage in Portage County. The issue of liability has yet to be determined. Accordingly, it is difficult to imagine how the Cuyahoga action determination of liability would not affect the Portage County litigation or vice versa. Allowing the Cuyahoga action to proceed could lead to different juries coming to opposite conclusions on the issue of liability as it relates to the same accident, causing inconsistent rulings. This result is exactly what the jurisdictional priority rule was designed to prevent.
>
> Finally, we note that the appellant would not be prejudiced by dismissal of the Cuyahoga County because he could intervene as a plaintiff in the Portage County action. Because both elements of the jurisdictional priority rule are present, the Portage County Court has priority of jurisdiction to "adjudicate upon the whole issue and to settle the rights of the parties."

*Davis* at ¶ 17-18.

{¶ 10} In *McCloud*, 2023-Ohio-4850 (9th Dist.), which also involved cases arising from an automobile accident, the court recognized that "[w]hile the Cuyahoga case and the Lorain case involved some different parties, the parties were substantially similar. The Cuyahoga case involved Mr. McCloud, his son, Ms. Payne, and a third party who was involved in the Cuyahoga accident. The

Lorain case involved Mr. McCloud and Ms. Payne." *Id.* at ¶ 20. The court found the whole-issue exception applied where the "nature of the claims," which involved issues of negligence, comparative negligence, indemnification, and contribution, were part of the same whole issue. *Id.* at ¶ 22-23.

{¶ 11} Here, in moving to dismiss this action, the Enbridge defendants argued in part that "[t]o date, 15 lawsuits have been filed in connection with [the explosion incident,]" "[a]ll of the lawsuits, with the exception of this case were filed in the Mahoning County Court of Common Pleas," "11 of the Mahoning County cases were filed before this case," and all of the cases "involve substantially the same parties and require resolution of the same central causation and liability issue regarding the Incident." The Enbridge defendants listed the lawsuits pending in Mahoning County, which were all pending before the same judge, and noted the tort-based causes of action involved. Copies of the complaints filed in those lawsuits were attached to the motion to dismiss.

{¶ 12} The record establishes that YO Properties is named as a defendant in the 11 earlier-filed Mahoning County lawsuits, as are Greenheart Companies, LLC; LY Property Management, LLC; various Enbridge defendants; and Dominion Energy, Inc. The plaintiffs in those actions are individuals who allegedly were injured and/or suffered damages and in one case represented the estate of an individual who died, in connection with the explosion incident. The Enbridge defendants argued that YO Properties; Greenheart Companies, LLC; and LY Property Management, LLC, are entities with common ownership and interests in

the subject building and are represented by the same counsel. They further argued that "[e]ven though Cincinnati Insurance is not formally named as a party in the Mahoning County lawsuits, it certainly is involved" and is the liability insurance carrier for Yo Properties, Greenheart Companies, LLC, and LY Property Management. As argued by the Enbridge defendants, all of the lawsuits assert the same or similar tort-based causes of action and involve common questions centering upon the explosion incident and in the complaint in this action, "Plaintiffs allege that Defendants directly and proximately caused the Incident and seek damages 'in excess of $50,000,000'" from the defendants. The Enbridge defendants maintained that "[a]llowing the present lawsuit to proceed could lead to different triers of fact coming to opposite conclusions on issues of causation and liability relating to the same Incident" and disparate rulings could result. Other arguments were made in support of the motion. Ultimately, the trial court found the Enbridge defendants established that the Mahoning County Court of Common Pleas has exclusive jurisdiction over the claims in this matter pursuant to Ohio's jurisdictional-priority rule.

{¶ 13} Having reviewed the record and arguments raised, we find each of the 11 earlier-filed Mahoning County actions and this case, which are pending before courts of concurrent jurisdiction, present part of the same whole issue. We also find that these cases involve substantially the same parties and that a ruling in the Cuyahoga County case could certainly affect or interfere with the resolution of the same causation and liability issues in the cases that were previously filed in

Mahoning County. In this action, the appellants raise the same and/or sufficiently similar tort-based claims and seek damages from the same explosion incident involved in the Mahoning County actions. Moreover, the cases all have the same central legal issues in common. Central to the claims raised in each of the cases is what caused the incident and who is responsible. Additionally, all of the cases arising out of the incident and properly filed in Mahoning County have been assigned to the same judge pursuant to the Supreme Court of Ohio's Certificate of Assignment.

{¶ 14} As was the case in *Davis*, 2004-Ohio-515, ¶ 14 (8th Dist.), allowing the Cuyahoga County action to proceed could lead to different determinations on the issue of liability as it relates to the same incident, causing inconsistent rulings. "This is exactly the type of behavior that the jurisdictional-priority rule was intended to prohibit so as to promote judicial economy and to avoid inconsistent results." *Id*. at ¶ 12. Although we recognize that this action also includes a claim for subrogation and a claim for subrogation and contribution, as was the case in *McCloud*, the claims require the same central questions to be answered. *Id*. at ¶ 22 (finding a cross-claim for indemnification and a claim for contribution asserted in one case required the same questions to be answered about comparative negligence in the other case). Moreover, although the causes of action and relief requested are not exactly the same, the jurisdictional-priority rule "requires only that the causes of action generally be the same" and "applies even when the causes of action are not the

same if the suits present part of the same 'whole issue.'" *Otten*, 2011-Ohio-4082, at ¶ 28-29.  Here, the lawsuits manifestly present part of the same "whole issue."

{¶ 15} Upon a de novo review, we find the jurisdictional-priority rule applies and that the trial court properly dismissed the plaintiffs' claims for lack of subject-matter jurisdiction.  We are not persuaded by any of appellants' arguments otherwise.

{¶ 16} Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR